Ruth E. JOHNSON

v.

Gregory M. EATON, et al.

Civ. A. No. 93–1081–M1.

United States District Court,
M.D. Louisiana.

May 4, 1995.

Garth J. Ridge, Bivins & Ridge, Baton Rouge, LA, for plaintiff.

Scott H. Crawford and David C. Sander, Crawford & Lewis, Baton Rouge, LA, for defendants.

### *RULING ON POST–TRIAL MOTIONS*

RIEDLINGER, United States Magistrate Judge.

This matter is before the court on the defendants' motion to amend the judgment and motion for a finding that the action was brought in bad faith and for the purpose of harassment, and the plaintiff's motion for an award of attorney's fees. The motions are opposed.

Plaintiff, Ruth E. Johnson, brought this action pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. Plaintiff alleged that two communications sent to her by the defendants violated various provisions of the FDCPA and that the defendants were liable for actual and additional damages, as well as attorney's fees

1. The Supreme Court recently addressed the issue involved in the defendants' motion for summary judgment—the application of the FDCPA to attorneys engaged in consumer debt collections. The Court held that attorneys who meet the definition of debt collector are subject to the Act. *See, Heintz v. Jenkins,* —— U.S. ——, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995).

2. The basis for denying summary judgment on the claims under sections 1692e, 1692e(10) was

and costs under section 1692k(a). Defendants filed a motion for summary judgment on the issue of their status as debt collectors under the FDCPA. The motion was denied and the court determined that the defendants were debt collectors as that term is defined by the FDCPA.[1] Plaintiff then filed a motion for partial summary judgment to determine the defendants' liability for the violations alleged and asked that the issue of damages be reserved for determination by the jury. The court granted the plaintiff's motion for partial summary judgment, finding that the defendants' communications violated sections 1692g, 1692e(2)(A), 1692e(9) and 1692e(11). Plaintiff prevailed on all claims except those under sections 1692e, 1692e(10) and 1692f.[2]

A jury trial was held on March 8, 1995. The jury returned a verdict finding that the conduct of defendant Eaton was not a legal cause of any actual damages to the plaintiff; that the plaintiff was not entitled to an award of additional damages against defendant White, but was entitled to additional damages against Eaton in the amount of $125.00 for each of his violations of the FDCPA. *See,* special verdict form attached to record document number 61.

### *Defendants' Motion for Finding that the Action Was Brought in Bad Faith and for the Purpose of Harassment*

■ Defendants moved for attorney's fees and costs under section 1692k(a)(3), claiming that the plaintiff brought this action in bad faith and for the purpose of harassment. Plaintiff asserted that such a motion can only be brought by a prevailing defendant, and since the defendants in this case violated the FDCPA they cannot be prevailing defendants.

that the defendants had already been found liable for the conduct underlying those claims under a more specific provision of section 1692e. Plaintiff also alleged that conduct that violated section 1692e(2)(A) also violated section 1692f. However, the court determined that the plaintiff had not established that she was entitled to summary judgment as a matter of law on this claim.

Section 1692k(a)(3) provides in pertinent part that: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." This section allows the court in its discretion to award attorney's fees and costs to a prevailing defendant who shows affirmatively that the plaintiff brought an FDCPA claim both in bad faith and for the purpose of harassment. *See, Perry v. Stewart Title Co.,* 756 F.2d 1197, 1211 (5th Cir.1985), *modified on other grounds,* 761 F.2d 237 (5th Cir.1985); *Knowles v. Credit Bur. of Rochester,* 1992 WL 131107, 1992 U.S.Dist. LEXIS 8349 (W.D.N.Y., May 27, 1992).

White argued that she is a prevailing defendant in this action because the plaintiff withdrew allegations of actual damages against her approximately two weeks before trial and did not prevail on her claim of statutory damages. Eaton argued that he is a prevailing defendant because the jury found that his actions were not the cause of any actual damages to the plaintiff.

■ Defendants' contention that they are "prevailing defendants" is without merit. Defendants virtually ignore the summary judgment findings that their conduct violated numerous provisions of the FDCPA. Yet, clearly, except for the general claims under sections 1692e and 1692f, the plaintiff prevailed on the merits. Defendants have not pointed to any resolution of the merits of the dispute in their favor which changed the legal relationship between them and the plaintiff.[3] Furthermore, the defendants cite no authority to support their argument that their partial success in defending against the plaintiff's claims for damages is sufficient to support a finding that they are prevailing parties.

■ Even assuming that the defendants could somehow be designated as successful or prevailing, their arguments that the record supports a finding that the plaintiff brought this action both in bad faith and for purposes of harassment are unpersuasive. Defendants focused on the fact that the plaintiff made allegations against both defendants that she suffered stress, humiliation and extreme mental anguish and maintained these allegations throughout most of this litigation. Then, approximately two weeks before trial, the plaintiff withdrew the claim of actual damages as to the communication signed by White. As to defendant Eaton, the plaintiff maintained the allegations based only on her own testimony which the jury ultimately found to be not credible. The result, claimed the defendants, was that they were forced to bear the costs associated with defending themselves against baseless claims and put in a position of being potentially responsible for over $15,000.00 in attorney's fees. Defendants asserted that the only interpretation of these facts is that the plaintiff misled them for the purpose of building up her attorney's fees.

The fact that ultimately the plaintiff did not prevail on her claim for actual damages against Eaton or that there may have been unnecessary delay in notification that the plaintiff was not claiming actual damages against White, is insufficient evidence to conclude that the plaintiff initiated this action in bad faith or to harass. The record does not support the defendants' assertion that the claim for actual damages forced them to bear the cost of defending against baseless claims and increased their exposure to liability for attorney's fees. Defendants did not depose the plaintiff until less than a month before trial. Nothing prevented the defendants from deposing the plaintiff at an earlier date in order to explore the accuracy of her allegations or determine the factual basis for the actual damages claim.[4]

**3.** *See, Farrar v. Hobby,* — U.S. —, —, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992) (under 42 U.S.C. § 1988 prevailing party must be able to point to resolution of the dispute which materially alters the legal relationship of the parties); *Hensley v. Eckerhart,* 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983) (standards for awarding attorney's fees under 42 U.S.C. § 1988 are generally applicable in all cases in which Congress has authorized an award of fees to a prevailing party).

**4.** Defendants' argument that the plaintiff's conduct in this litigation somehow prevented them from making an offer of judgment under Rule 68, Fed.R.Civ.P., is both unsupported by the record

Plaintiff brought this action under the FDCPA and ultimately proved that the defendants violated four provisions of the Act, and that she was entitled to an award of statutory damages against Eaton. Defendants' motion for attorney's fees and costs is simply based on their own interpretation or characterization of the plaintiff's suit and her reasons for bringing it. However, there is no factual support for this interpretation nor any evidence to support a finding that the plaintiff was motivated by bad faith or a desire to harass the defendants.

### Plaintiff's Motion for Attorney's Fees

■ Plaintiff moved for an award of attorney's fees and costs under section 1692k(a)(3). This section provides that in the case of any successful action to enforce the FDCPA, a debt collector who failed to comply with the Act's provisions with respect to any person is liable to that person for the costs of the action, and a reasonable attorney's fee as determined by the court. In support of the motion the plaintiff filed a memorandum accompanied by an affidavit of counsel setting forth the time expended in this case with a description of the services rendered. Plaintiff claimed compensation for 146.3 hours at a rate of $100.00 per hour, for a total fee of $14,630.00. Plaintiff submitted an affidavit from another attorney concerning the prevailing market rate and a statement of expenses claiming costs in the amount of $556.56. Plaintiff argued that the summary judgment finding that the defendants were liable for violating four provisions of the Act, and the jury's verdict awarding $500.00 in statutory damages against Eaton, establish that she is a prevailing party in this action. Based on these same facts the plaintiff argued that she achieved a high degree of success and should be awarded the entire fee requested.

Defendants opposed the plaintiff's motion on several grounds. First, defendant White

argued that since the plaintiff was not successful in enforcing any liability against her, she should not be held responsible for any attorney's fees and costs under section 1692k(a)(3). She relied upon the Supreme Court's decision in *Farrar v. Hobby*, arguing that the finding of no damages against her is analogous to a civil rights plaintiff who is not entitled to fees because he only succeeds in obtaining an award of nominal damages. Defendant White asserted that the plaintiff cannot show any benefit or change in behavior as a result of filing suit against her. Defendant Eaton also argued that the plaintiff cannot show any modification in his conduct resulting from the outcome of this case. Therefore, no attorney's fees should be awarded because the plaintiff is not a prevailing party.

Alternatively, the defendants argued that the plaintiff's request for attorney's fees is unreasonable because the plaintiff only achieved limited success—the plaintiff withdrew the allegations of actual injury against White prior to trial and failed to prove them at trial against Eaton. Furthermore, if the plaintiff had not made baseless allegations of actual injury in the complaint the defendants would have made an offer of judgment shortly after the complaint was filed that would have limited their exposure for attorney's fees. Defendants also contended that the amount of time submitted—over 70 hours—for researching and drafting memoranda in opposition and support of dispositive motions is excessive.

■ In the context of this FDCPA case the defendants' contention that the plaintiff is not entitled to any fees must be rejected. The statute states that any debt collector who fails to comply with the FDCPA is liable for reasonable attorney's fees and costs. Therefore, an award of attorney's fees and costs is mandatory where the plaintiff has established that the defendant has violated

---

and illogical, and therefore wholly without merit. Defendants could have promptly deposed the plaintiff and then made an offer of judgment. Instead they moved to dismiss on the basis of a non-existent exemption. Even after this effort proved fruitless, the defendants could have made an offer of judgment, but they did not. After the

plaintiff received a favorable ruling on her motion for summary judgment, an offer of judgment could have been made. None was. Eaton and White chose to mount a vigorous defense, which is their right. But having chosen to put the plaintiff to the test, they cannot not bemoan the consequences of her passing it.

any provision of the Act.[5] *See, Pipiles v. Credit Bur. of Lockport, Inc.,* 886 F.2d 22, 27 (2d Cir.1989); *Emanuel v. American Credit Exch.,* 870 F.2d 805, 809 (2d Cir.1989). Furthermore, the plaintiff is a prevailing party in this action. Though White is not liable for actual or statutory damages, the findings of liability against her make her liable to the plaintiff for reasonable attorney's fees and costs. Based on the summary judgment ruling and the jury verdict, judgment was entered against Eaton for $500.00 in additional damages.[6] Clearly, the outcome of this case has materially altered the legal relationship of the parties.[7]

■ The next step is to determine what fee award is reasonable in this case. The $100.00 hourly rate claimed was not objected to by the defendants and is a reasonable rate.

■ After a thorough review of the plaintiff's motion it is clear that there must be some reduction in the amount of time compensated. Approximately 70 hours are claimed for research and drafting of two memoranda in opposition to the defendants' dispositive motions and the memoranda in support of the plaintiff's motion for partial summary judgment. A review of these pleadings and the amount of time indicated for the services described shows that this amount of time is excessive and should be reduced by 25 hours.[8]

■ Plaintiff achieved a high level success on summary judgment.[9] Both defendants were found liable for violating four specific provisions of the FDCPA. The alleged violations of the general provisions of sections 1692e and 1692f were the only claims on which the plaintiff did not prevail. This should not result in a reduction because this case cannot be viewed as a series of distinct claims. The same underlying facts supported all claims against both defendants.[10] However, the plaintiff's success at trial was more limited—only one defendant was found liable for monetary damages. Plaintiff brought this action seeking both actual and additional damages against both defendants and ended up with only a $500.00 award of statutory damages against one defendant. Viewing the litigation as a whole, this factor warrants some reduction. The number of hours claimed for compensation will be reduced by 15 hours.[11]

After reducing the total number of compensable hours by 40 the lodestar is calculated by multiplying $100.00 times 106.3 hours. Adding $200.00 for plaintiff's opposition to the defendants' post-trial motions,[12] results in an award of reasonable attorney's fees in the amount $10,830.00. There is no dispute as to the amount or reasonableness of the plaintiff's request for an award of costs of $556.56.

### Defendants' Motion to Amend

Defendants moved that the court amend the judgment to reflect that judgment is not

---

5. The reason for mandatory fees is that Congress chose a private attorney general approach to enforcement under the FDCPA. *Tolentino v. Friedman,* 46 F.3d 645, 651 (7th Cir.1995).

6. The Supreme Court has stated that a judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money that he otherwise would not have to pay. *Farrar,* —— U.S. at ——, 113 S.Ct. at 574.

7. Eaton's assertion that this suit has not modified his conduct in regard to his collection notices is unsupported by any credible evidence presented at the trial.

8. Counsel attested to the fact that he exercised billing judgment but did not specify how it was exercised by indicating where he spent time for which he did not claim compensation.

9. The most critical factor in determining the reasonableness of a fee award is the degree of success obtained. *Farrar,* —— U.S. at ——, 113 S.Ct. at 574.

10. *Hensley,* 461 U.S. at 434–35, 103 S.Ct. at 1940.

11. Defendants' "offer of judgment" argument is again rejected. The argument is unsupported by the record and not a valid basis for reduction of the plaintiff's claim for attorney's fees.

12. Plaintiff asked to supplement the motion to include the time spent opposing the defendants' post-trial motions. This is unnecessary. The court can review the memoranda and fairly assess adequate compensation without the filing of any additional pleadings.

rendered against them as to reasonable attorney's fees and cost. Defendants' arguments in support of this motion are essentially the same arguments made in regard to the motions for attorney's fees. This ruling on the motion for attorney's fees makes it clear that the defendants' motion to amend is without merit.

Accordingly, the defendants' motion to amend the judgment is denied and the defendants' motion for a finding that the action was brought in bad faith and for purposes of harassment is denied.

Plaintiff's motion for attorney's fees is granted. Plaintiff is awarded reasonable attorney's fees in the amount of $10,830.00 and costs in the amount of $556.56.