Henry MANGIO, Plaintiff,

v.

EQUIFAX, INC., et al., Defendants.

No. 95–0257–CIV–MOORE.

United States District Court,
S.D. Florida,
Miami Division.

May 1, 1995.

Marlowe J. Blake, Marlowe J. Blake, P.A., Miami, FL, for plaintiff.

William L. Summers, Wicker, Smith, Tutan, O'Hara, McCoy, Graham, Lane & Ford, Courtney B. Wilson, Coll, Davidson, Carter, Smith, Salter & Barkett, P.A., Miami, FL, Jerome Doark, Jones, Days, Reavis & Pogue, Dallas, TX, Spencer Silverglate, Clark, Silverglate, Williams & Montgomery, Miami, FL and J.M. Guarch, Jr., Aran, Correa & Gurach, Coral Gables, FL, for defendants.

## ORDER

K. MICHAEL MOORE, District Judge:

If a private individual sues a credit reporting agency for publishing incorrect credit information, does the Fair Credit Reporting Act empower a district court to enjoin further reporting of this information?

## I. Factual Background

Plaintiff Henry Mangio alleges that Defendants, several credit reporting agencies (the "Credit Agencies"), have reported inaccurate, misleading and incomplete credit information about Mangio. According to Mangio, the Credit Agencies have confused Mangio with another individual bearing a similar name. Negative credit information pertaining to this other individual purportedly has appeared in Mangio's credit records.

Mangio alleges that he has informed the Credit Agencies of their error and that they have not removed the incorrect information from their files. He thus brings suit under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681t, seeking damages and a permanent injunction ordering the Credit Agencies to make his credit records accurate. One of the Credit Agencies moves to dismiss Mangio's request for injunctive relief, which constitutes count IX of his complaint.

## II. Discussion

■ The FCRA requires consumer reporting agencies ("credit agencies") to adopt reasonable procedures for ensuring the accuracy of credit information that they collect and report on individuals. 15 U.S.C. § 1681(b), 1681e. Individuals believing that a credit agency's file contains inaccurate information are entitled to dispute this information with the agency. *Id.* at § 1681i(a). Once an individual notifies a credit agency of a dispute, the agency is required to reinvestigate that information unless the dispute is frivolous or irrelevant. *Id.* If the agency learns that the information is inaccurate, the agency "shall promptly delete such information" from the individual's credit record. *Id.*

If reinvestigation does not resolve the dispute—*i.e.*, the credit agency finds insufficient reason to believe that the information is inaccurate—the individual may file a brief statement of the dispute with the agency. *Id.* at § 1681i(b). The credit agency then must report the statement and the existence of a dispute whenever it reports the challenged information. *Id.* at 1681i(c).

■ Individuals also may sue for damages. A credit agency that willfully fails to comply with its FCRA obligations "is liable" to an individual for his or her actual damages, costs and reasonable attorney's fees as well as such punitive damages as a court will allow. *Id.* at § 1681n; *see Hovater v. Equifax, Inc.*, 823 F.2d 413, 417 (11th Cir.), *cert. denied*, 484 U.S. 977, 108 S.Ct. 490, 98 L.Ed.2d 488 (1987). A credit agency that is merely negligent "is liable" for the same amounts, except that it is not subject to punitive damages. 15 U.S.C. § 1681o. The FCRA grants district courts jurisdiction to "enforce" these "liabilities":

> An action to enforce any liability created under this subchapter may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction....

*Id.* at § 1681p.

Mangio has availed himself of his civil remedy and has sued for damages. He also has gone one step further: he asks the Court to issue a permanent injunction against the Credit Agencies.

The Court concludes that it lacks jurisdiction to grant the latter relief. Section 1681p of FCRA authorizes district courts to enforce only a credit agency's "liability" to an individual, which FCRA defines in terms of money damages. Conspicuously absent from section 1681p is a grant of authority to enforce a credit agency's "compliance" with FCRA's requirements, which is just the action that Mangio's request for injunction seeks.

Congress' drafting of section 1681p in this regard indicates that it did not empower district courts to issue such an injunction. In *Sibley v. Fulton Dekalb Collection Serv.*, 677 F.2d 830 (11th Cir.1982), the court reviewed the relief afforded under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692o, a close cousin of the FCRA. That statute provides that a debt collector who violates the law "is liable" to an injured person for various monetary damages and grants district courts jurisdiction over any "action to enforce any liability" created by the FDCPA. *Id.* at §§ 1692(a) & (d). Reading this, the court concluded:

The thrust of the Fair Debt Collection Practices Act is prevention of harassment and abuse as well as false, deceptive or misleading practices.... The relief sought is money damages.... Indeed, *equitable relief is not available to an individual under the civil liability section of the Act.*

*Sibley,* 677 F.2d at 834 (emphasis added).[1] *Accord Zanni v. Lippold,* 119 F.R.D. 32, 33–34 (C.D.Ill.1988) (no private right of injunctive relief under the FDCPA); *Strong v. National Credit Management Co.,* 600 F.Supp. 46, 46–47 (E.D.Ark.1984) (same); *Duran v. Credit Bur. of Yuma, Inc.,* 93 F.R.D. 607, 608–09 (D.Ariz.1982) (same).

■ The Court finds no relevant difference between the civil remedy sections of the FCRA and the FDCPA. Following *Sibley,* then, the Court concludes that the FCRA's failure to provide for private injunctive relief indicates that such relief is not available.

There is a second reason for concluding that private individuals may not sue for injunctive relief: Congress gave this power to the Federal Trade Commission ("FTC"). Under FCRA's administrative enforcement provision, credit agencies' "compliance" with FCRA "shall be enforced" by the FTC.[2] 15 U.S.C. § 1681s(a). Violations of the FCRA constitute unfair or deceptive acts or practices under the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 41–58, and are subject to FTC "enforcement" under section 5(b) of that statute. 15 U.S.C. § 1681s(a). Section 5(b) of the FTCA authorizes the FTC to issue to cease and desist orders, 15 U.S.C. § 45(b), and courts of appeal have exclusive jurisdiction to enforce these orders, *id.* at 45(d). *See, e.g., Equifax v. FTC,* 678 F.2d 1047 (11th Cir.1982).

■ Congress' commitment to the FTC of the authority to enforce the FCRA's requirements is strong indication that it did not intend for private individuals to exercise this power. *See Brown v. United States,* 600 F.Supp. 47 (D.C.Ky.1984) (drawing same conclusion for FDCPA). It is within the FTC's discretion whether to exercise its injunctive powers, *Rush v. Macy's New York, Inc.,* 775 F.2d 1554, 1558 (11th Cir.1985), and its decision whether to issue a cease and desist order against a credit agency involves a balancing of a number of factors which are peculiarly within its expertise, *id.* Permitting private individuals to enforce FCRA compliance through actions for equitable relief would circumvent, and thus undermine, the exercise of this discretion.

The Court concludes that injunctive relief is not available to Mangio under the FCRA. Accordingly, count IX of his complaint is dismissed.

---

1. *See also id.* at 834 ("Title VIII provides first for equitable relief—a feature not present in the Fair Debt Collection Practices Act").

2. Eight other agencies also have limited enforcement authority under the FCRA. 15 U.S.C. § 1681s(b); *Equifax v. FTC,* 678 F.2d 1047, 1049 (11th Cir.1982). These agencies are not relevant to Mangio's claims.