United States Court of Appeals,

Fifth Circuit.

No. 95-30613.

Ruth E. JOHNSON, Plaintiff-Appellee,

v.

Gregory M. EATON and Kay White, Defendants-Appellants.

April 11, 1996.

Appeal from the United States District Court for the Middle District of Louisiana.

Before KING, DAVIS and BARKSDALE, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Defendants Eaton and White assert that the district court erred by (1) awarding "additional" damages under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692k, where no actual damages were found, (2) requiring White to pay plaintiff Johnson's attorney's fees and costs even though no damages were assessed against her, (3) awarding an unreasonably high attorney's fee in light of the nominal damages received by Johnson and (4) failing to assess attorney's fees against Johnson because Johnson brought the action in bad faith. We AFFIRM in part, REVERSE in part and REMAND.

                                I.

Ruth Johnson purchased furniture on credit from Kornmeyer's Furniture Company. When she defaulted on payment, Kornmeyer's enlisted the help of attorney Greg Eaton to collect the remaining principal balance—approximately $3,500. Through his legal assistant, Kay White, Eaton sent a demand letter to Johnson in

March 1993. Eaton also sent Johnson a second letter that included a questionnaire and a proposed consent judgment.

On December 16, 1993, Johnson filed a complaint against Eaton and White in district court. She alleged that the two letters violated various provisions of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692-1692o. Johnson alleged that the two letters caused her actual damages and injury, including stress, humiliation, extreme mental anguish and suffering, and emotional distress, and that, therefore, Eaton and White were liable for actual and additional damages, as well as attorney's fees and costs under § 1692k(a).

The district court denied a motion for summary judgment filed by Eaton and White on the issue of their status as debt collectors under the FDCPA. The district court granted Johnson's motion for partial summary judgment, finding that Eaton had violated four provisions of the FDCPA and White had violated two provisions,[1] and reserved the issue of damages for determination by the jury. The pretrial order noted a stipulation by Johnson that she had suffered no actual damages as a result of receiving the demand letter—the only communication to which White was a party.

A jury trial was held on March 8, 1995. The jury returned a verdict finding that the conduct of Eaton was not a legal cause of

---

[1]The district court ruled that Eaton and White violated the FDCPA by misrepresenting the amount of the debt to Johnson and by contradicting the required disclosure of the 30-day validation period in the demand letter. Eaton also was found to have violated the FDCPA by omitting a required notice and by simulating a court document.

any actual damage to Johnson. The jury further determined that Johnson was not entitled to an award of additional damages against White, but that she was entitled to additional damages against Eaton in the amount of $125 for each of his violations—a total of $500.

After the verdict, Eaton and White moved for attorney's fees and costs under § 1692k(a)(3), claiming that Johnson brought this action in bad faith and for the purpose of harassment. The district court denied all of defendants' post-trial motions. After reducing the number of hours claimed by Johnson's attorney from 146.3 to 106.3, the district court granted Johnson attorney's fees in the amount of $10,830 and costs in the amount of $556.56, to be assessed against both defendants. *Johnson v. Eaton,* 884 F.Supp. 1068, 1073 (M.D.La.1995). This appeal followed.

## II.

Eaton and White argue first that the court erred by allowing the jury to award "additional" damages under the FDCPA in the absence of a finding that the plaintiff suffered actual damage. We do not decide this issue because neither defendant preserved this issue for appeal by objecting to the jury charge. *See* Fed.R.Civ.P. 51 ("No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict...." ).

## III.

White next complains that she should not be liable to Johnson for attorney's fees and costs because Johnson won no damages from

3

her. According to White, a judgment without damages is not a "successful" action which would support the award of attorney's fees under the FDCPA. Johnson responds that she won a partial summary judgment stating that White had violated the FDCPA in two instances and that this success entitles her to attorney's fees.

The relevant portion of the FDCPA reads:

Amount of damages

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person **is liable to such person in an amount equal to the sum of—**

> (1) any **actual** damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such **additional** damages as the court may allow, but not exceeding $1,000; or
>
> ....
>
> (3) in the case of any **successful action to enforce the foregoing liability**, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k (emphasis added).

Johnson demonstrated that White had violated the FDCPA but failed to enforce any liability for actual or additional damages against White. As a result, Johnson does not meet the explicit requirement of § 1692k(a)(3) that she bring a "successful action to enforce the foregoing liability," in order to receive attorney's fees and costs. Johnson's argument that her success in establishing that White violated the FDCPA is enough ignores the

4

plain language of the FDCPA.

Johnson responds by citing cases from other circuits which allowed attorney's fees even though plaintiffs failed to prove actual or additional damages or received only nominal damages. *See Emanuel v. American Credit Exchange,* 870 F.2d 805, 809 (2d Cir.1989); *Graziano v. Harrison,* 950 F.2d 107 (3d Cir.1991). In *Emanuel,* the Second Circuit, noted that the plaintiff had proven no actual damages and was not entitled to any additional damages and then stated "... Emanuel should be awarded costs and attorney's fees; the statute mandates such an award "in the case of any successful action.' " 870 F.2d at 809. The court found that any plaintiff who proves a violation of the FDCPA is "successful" even if that plaintiff is unable to prevail on his claims for actual and additional damages and fails to prove an essential element of a claim for damages: injury. This approach takes the language of the statute out of context and fails to give any meaning to the limiting phrase "to enforce the foregoing liability."

In *Graziano,* the Third Circuit found an additional violation of the FDCPA and reversed an award of nominal damages for reconsideration in light of the additional violation. It then noted that the district court had declined to award any attorney's fees and stated "[b]ecause we have determined that Graziano has demonstrated two violations of the Act, rather than the one identified by the district court, we vacate the denial of attorney's fees and remand for reconsideration." In dicta, the court then interpreted the FDCPA as requiring that any debt

collector who violates the act is liable for (1) actual damages (2) additional damages and (3) attorney's fees. The court reasoned that the structure of § 1692k(a) suggested that any violation of the Act makes the offender liable for all three of these items. However, the court, by focusing exclusively on the structure of § 1692k(a) failed to give meaning to the language in § 1692k(a)(3) which requires success in enforcing liability for actual or additional damages before a plaintiff may be cast for attorney's fees. A more plausible reading of the FDCPA which accounts for the statute's structure and its language is that the most a plaintiff can win is actual damages, additional damages and attorney's fees and costs. However, this does not mean that every time a violation occurs, a plaintiff will win all three. The language of the statute places explicit conditions on an award of additional damages which must be approved by the court and attorney's fees which are only available where the plaintiff has succeeded in establishing that the defendant is liable for actual and/or additional damages.

Also, our reading of the statute will not frustrate the objectives Congress sought to achieve in enacting the FDCPA. Reading the FDCPA as requiring attorney's fees to be paid in actions where the plaintiff fails to prove damages, rewards lawyers for bringing suits to stop behavior that, by definition, has caused legal injury to no one. Our interpretation of the statute will require attorneys to look for more than a technical violation of the FDCPA before bringing suit and will deter suits brought only as

6

a means of generating attorney's fees.

Concerns that this decision will allow debt collectors to disregard the rights of debtors ignore two important facts: (1) debt collectors do not know which of their targets will be injured by their actions and thus able to obtain attorney's fees and (2) the FDCPA as we read it today is adequate to deter debt collectors from choosing to violate it. Under our interpretation of the statute, the FDCPA will still punish errant debt collectors in excess of the legal injury they impose on debtors. It does this by mandating that the debt collector not only compensate the debtor fully for any monetary damage, emotional distress or other injury that the debtor can prove the debt collector caused but also by allowing courts to assess additional, punitive damages and requiring the debt collector to pay the debtor's attorney's fees in addition to his own attorney's fees. We believe it entirely reasonable to assume that Congress considered risk of such punishment adequate to deter economic actors such as debt collectors from violating the act intentionally.

Language in the Supreme Court decision *Farrar v. Hobby,* 506 U.S. 103, 120, 113 S.Ct. 566, 578, 121 L.Ed.2d 494 (1992), also supports our decision. In *Farrar,* a civil rights action brought under 42 U.S.C. § 1983, the plaintiff alleged $17 million in damages. The jury found that Farrar's civil rights had been violated but awarded him only $1 in damages. The Supreme Court reversed the Fifth Circuit's holding that Farrar was not a prevailing party under § 1988 but affirmed the Fifth Circuit's

7

conclusion that the district court abused its discretion in awarding attorney's fees to Farrar. Specifically, the Court noted that one of the elements of a civil rights suit for damages is proof of "actual, compensable injury" and that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.*

White argues convincingly that Johnson's claim against her is virtually identical to the situation discussed in *Farrar.* Johnson won a declaration that White had violated the law but was unable to prove any damages, either actual or additional, under the statute. As a result, the most appropriate award of attorney's fees against White is $0.

Johnson responds that Eaton changed his standard form in response to her suit so hers is not a mere technical victory of the type discussed in *Farrar* and cites cases which define "prevailing party" as including victories that change the defendant's behavior or legal relationship with the plaintiff. This, of course, does not help her against White, who did not change her behavior, and ignores the fact that in *Farrar,* the Supreme Court found the plaintiff to be a prevailing party and awarded him a reasonable attorney's fee of $0.00. Accordingly, even if we did agree with Johnson that she merits an award of a reasonable attorney's fee against White for proving that White violated the FDCPA, we would find that a reasonable attorney's fee in cases where no actual or additional damages were awarded is $0.00.

8

We agree with White that the district court erred when it assessed attorney's fees against her because the FDCPA requires that a plaintiff prove actual or additional damages in order to receive attorney's fees and costs. Johnson did not meet this requirement. However, even if Johnson's reading of the FDCPA was correct and she was entitled to receive a reasonable attorney's fee for her technical victory, *Farrar* makes it clear that a reasonable fee would be $0.00.

IV.

Eaton similarly argues that the $500 Johnson recovered against him is only nominal damages and is insufficient to support an award of $10,830 in attorney's fees. However, Eaton's case is much different than *Farrar.* In *Farrar,* the plaintiff demanded $17,000,000 and "after 10 years of litigation and two trips to the Court of Appeals, he got one dollar from one defendant." 506 U.S. at 114, 113 S.Ct. at 575. By contrast, Johnson requested $4,000 in damages and received $500. Also, the damages received by Johnson were "additional" or punitive damages, designed to punish Eaton for his wrongful acts.

In any event, we need not decide whether the district court was within its discretion in awarding $10,000 in attorney's fees because our reversal of the award against White requires that we remand the award of attorney's fees for reconsideration. On remand, the district court should reduce the award of fees against Eaton by the amount of the fee, if any, attributable to the preparation of the case against White.

9

Finally, White claims that Johnson should pay her attorney's fees because Johnson brought the suit against her in bad faith. In order to receive an award of attorney's fees under § 1692k(a)(3), a "prevailing defendant must show affirmatively that the plaintiff brought the FDCPA claim in bad faith and for the purposes of harassment." *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1211 (5th Cir.) *modified on other grounds,* 761 F.2d 237 (5th Cir.1985). White violated two provisions of the FDCPA and cannot be said to have prevailed in any sense other than the fact that she avoided a monetary judgement. Johnson's victory was limited to a determination that White had violated her rights but was a victory nonetheless. Additionally, the district court's finding that Johnson did not bring the claim in bad faith is supported by the record and was not an abuse of discretion.

We AFFIRM the district court's determination that White is not entitled to attorney's fees, REVERSE the court's award of fees against White and REMAND the award of attorney's fees against Eaton for the exclusion of fees, if any, attributable solely to preparation of the case against White.

AFFIRMED in part, REVERSED in part and REMANDED.