**Ruth E. JOHNSON**

v.

**Gregory M. EATON, et al.**

**Civil Action No. 93–1081–B–1.**

United States District Court,
M.D. Louisiana.

Feb. 12, 1997.

## RULING ON SECOND MOTION FOR AWARD OF ATTORNEY'S FEES

RIEDLINGER, United States Magistrate Judge.

This matter is before the court, following remand, on the second motion of plaintiff Ruth E. Johnson for an award of attorney's fees. The motion is opposed.

The ruling on the plaintiff's original motion for an award of attorney's fees granted the plaintiff fees in the amount of $10,830.00 [1] against both defendants, Gregory M. Eaton and Kay White. On appeal, the Fifth Circuit reversed the award of attorney's fees against White and remanded the award of attorney's fees against Eaton "for the exclusion of fees, if any, attributable solely to the preparation

of the case against White." *Johnson v. Eaton*, 80 F.3d 148, 152 (5th Cir.1996). Plaintiff and Eaton attempted to amicably resolve the fee dispute, but when they were unable to do so this second motion for an award of attorney's fees was filed.

Plaintiff argued that the time attributable solely to the preparation of the case against White cannot be neatly extracted from the time attributable to the preparation of the case against Eaton. The same evidence was involved in pursuing the claims against both defendants, and White was an important witness for the defense as to the claims against Eaton. Plaintiff also sought an additional award of $2,918.75 for attorney's fees incurred on appeal, plus $312.50 for fees incurred in litigating the second motion for an award of attorney's fees.

Whereas the plaintiff read the Fifth Circuit's remand order narrowly, defendant Eaton read it broadly. Eaton suggested that it would be appropriate to review the entire fee award and substantially reduce it on the ground that the plaintiff achieved limited success only. Furthermore, the defendant urged the court to significantly reduce—by 75%, as opposed to the 60% reduction conceded by the plaintiff—the number of hours for work performed on the appeal. Moreover, the defendant urged that the $100.00 per hour rate which the court previously found was reasonable should also be applied to the hours expended on appeal, rather than the increased rate of $125.00 now sought by the plaintiff.

Recognizing that the court may not embrace the defendant's suggestion that the entire fee award should be revisited, the defendant identified 30.8 hours which he contends are attributable to work performed on the case against White and therefore should not be compensated.

By and large, the defendant's arguments were previously considered when the court ruled on the original motion for an award of attorney's fees. That award included reductions in the amount of compensable hours based on the degree of the plaintiff's success

---

1. Plaintiff's initial request for attorney's fees for work performed on the case prior to appeal was $14,630.00 plus costs. Record document number 66.

and the number of hours reasonably spent to achieve it. The degree of the plaintiff's success was diminished on appeal only to the extent that the award of attorney's fees against White was reversed.[2]

All of the plaintiff's time entries have been reviewed again, especially those identified by the defendant as warranting some reduction because they are attributable to the claim against White. Furthermore, the pleadings, motions, supporting memoranda, and other record documents related to or referenced in counsel's time entries have also been reviewed. The inescapable conclusion is that, with but one exception, there is no time reasonably expended by counsel for the plaintiff which is solely attributable to the claim against White. White played an integral role in defendant Eaton's collection practice. Not surprisingly, she also played an important role in his defense. Even if the plaintiff had not pursued a separate claim against her, she would have still been deposed and would still have been a trial witness.

A review of the record continues to confirm the conclusion that a substantial portion of the attorney's fees sought by the plaintiff are the result of work required by the plaintiff's attorney to oppose motions to dismiss which were ultimately resolved in the plaintiff's favor. In sum, the court cannot—and should not—further reduce the number of compensable hours reasonably spent by counsel for the plaintiff on this case by performing a line-by-line review of the plaintiff's pleadings and other papers filed in the record, nor by an arbitrary percentage (such as 50%) when the issues and evidence involved in this case are inextricably intertwined. *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983).

The one exception mentioned above is the time of .1 hour on January 14, 1994 to receive and review completed summonses. Only two summons were issued in this case, one to each defendant. Consequently, this entry will be reduced by one-half.

Plaintiff sought an award of fees for work performed on appeal. The affidavit of the plaintiff's attorney reflected a total of 32.65 hours for work on the appeal. Counsel further stated that compensation for additional time spent on issues involving only Kay White, namely, the propriety of an award of attorney's fees in the absence of a damage award and defense of White's claim that the action was brought in bad faith and for the purpose of harassment, was not included. Of the 32.65 hours for which compensation was sought, 15.5 of those hours which were spent on preparation of both the brief and oral argument were reduced by 60% due to the limited success achieved by the plaintiff on appeal. Thus, the total hours for which compensation was sought are 23.35 hours.

Although counsel for the plaintiff did not itemize those hours for which no compensation was sought in the exercise of billing judgment, the better practice is to itemize the hours and the services performed for which no compensation is sought as an exercise of billing judgment. *See, Walker v. U.S. Dept. of Housing and Urban Development,* 99 F.3d 761, 769 (5th Cir.1996).[3] Doing so will enable the court to verify that billing judgment was properly exercised. Nevertheless, counsel did identify the types of services for which no compensation was sought, and the defendant did not argue that counsel for the plaintiff did not properly exercise billing judgment by failing to present to the court the details of those hours and services excluded from the fee request.

Counsel for the plaintiff also sought an increase in the rate of compensation for the hours spent defending the judgment on appeal from $100.00 to $125.00 per hour. This increase was supported by counsel's own affidavit and the affidavit of another attorney practicing in the Baton Rouge area.

Although the rate of $125.00 may be reasonable, the court previously determined the rate of $100.00 per hour was a reasonable rate. Nothing in the affidavits submitted in

---

2. In a sense, this loss on appeal was offset by the plaintiff's success in defending against White's claim against her for attorney's fees.

3. *Opinion amended by,* 99 F.3d 761 (5th Cir. 1996).

support of the plaintiff's motion suggests that a rate of $100.00 per hour is now unreasonable, either because of the amount of time which has passed since the original fee award was made or because litigating claims based on the Fair Debt Collection Practices Act has somehow become more complex. Therefore, the reasonable rate of $100.00 per hour will continue to be applied in this case.[4]

Finally, the plaintiff sought additional compensation for 2.5 hours incurred in connection with the second motion for award of attorney's fees. Defendant did not dispute the claim in principal, nor that the hours were reasonably incurred. After reviewing the affidavit of counsel for the plaintiff in support of these additional hours, the court finds that 2.5 hours were reasonably spent in connection with the second motion for attorney's fees. However, as discussed above, the court will apply the reasonable hourly rate of $100.00 to calculate the fee amount for these hours.

### Conclusion

■ No doubt defendant Eaton will bemoan the size of the attorney's fee awarded by this ruling, arguing that it is grossly out of proportion to the amount of damages the jury awarded to the plaintiff. Indeed, the attorney's fee award is nearly 27 times greater than the damage award. But this case was not just about money. The FDCPA prohibits a certain conduct by debt collectors, including attorneys; it discourages such conduct by permitting awards of actual damages, additional (or statutory) damages, and attorney's fees. Congress apparently concluded not only that limiting a plaintiff to recovery of only actual damages would not provide a sufficient incentive for plaintiffs to bring even well-founded claims against debt collectors under the FDCPA, and thus would not accomplish the purpose of the statute, but also that an award of up to $1,000.00 as additional damages may still not provide sufficient incentive to plaintiffs to bring claims

under the FDCPA. As demonstrated by this case, the cost of fully litigating an FDCPA case can be substantial. Without the prospect of an award of attorney's fees as an additional incentive, it is unlikely that persons of ordinary means would choose to bring FDCPA cases.

In opposing this motion and the original motion for an award of attorney's fees, the defendant directed the court's attention to several cases in which the court intimated its displeasure with the FDCPA, or at least the kind of litigation fostered by it. Regardless of the views expressed by such decisions, the wisdom of the statute and the policy it is intended to implement are not to be second guessed by this court. Rather, it is the duty of this court to faithfully apply the statute as it is written, and as best as it can be understood.

Accordingly, plaintiff Ruth E. Johnson's second motion for an award of attorney's fees is granted. Plaintiff is awarded $10,825.00 in attorney's fees incurred in the district court prior to appeal, $2,335.00 for attorney's fees incurred on appeal, and $250.00 in attorney's fees incurred in the district court post-appeal, for a total of $13,410.00 in attorney's fees.[5]

sought by the plaintiff would be calculated at the higher rate.

---

**4.** The determination to use the lower of two hourly rates, one previously found to be reasonable and the other at least arguably so, should not be construed to limit or cap the rate of reasonable attorney's fees which may be awarded in other FDCPA cases. The decision to use the lower rate consistently takes into consideration the fact that less than 20% of the overall fee

**5.** The award of costs to the plaintiff in the amount of $556.56 remains undisputed and is not affected by this ruling.