Brent W. BUMGARDNER, Plaintiff,

v.

LITE CELLULAR, INC., Defendant,

Washington/Baltimore Cellular Limited Partnership, Defendant.

No. Civ.A. 97–289–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Jan. 26, 1998.

Brad Weiss, Washington, DC, for Plaintiff.

Joseph S. Luchini, Falls Church, VA, for Defendants.

## MEMORANDUM OPINION

CACHERIS, District Judge.

This case comes before the Court on Plaintiff's Motion for Injunctive Relief and Plaintiff's Motion for Attorney's Fees and Costs.

### Facts

Plaintiff, Brent Bumgardner, sued Defendants Lite Cellular, Inc. ("Lite Cellular") and Washington/Baltimore Cellular Limited Partnership ("Cellular One"), alleging that each negligently and willfully violated the Fair Credit Reporting Act ("FCRA"). The evidence at trial demonstrated that a manager at Lite Cellular allowed Plaintiff's ex-wife to open an account in Plaintiff's name and sign Plaintiff's name on a form authorizing a check on Plaintiff's credit. At Lite Cellular's request, Cellular One obtained credit information regarding Plaintiff from a credit reporting agency. Plaintiff did not discover that there was a cellular telephone account in his name or that a credit check had been performed until he began receiving bills for amounts owed on the account. Despite his attempts to remedy the situation, collection efforts against Plaintiff continued. However, Plaintiff's credit was not damaged, nor has he been denied credit as a result of this incident.

On December 10, 1997, a jury found that Lite Cellular negligently and willfully violated the FCRA, but awarded no damages for either violation. The jury found that Cellular one did not violate the FCRA.

Plaintiff seeks an injunction ordering Lite Cellular to: 1) deliver to Plaintiff all materials regarding Plaintiff it possesses; 2) to refrain from disseminating any information regarding Plaintiff; 3) to implement policies and procedures to verify names, addresses, and billing addresses of applicants for cellular telephone accounts; and 4) to implement procedures and training for verifying applicants before accessing credit reports.

Plaintiff also seeks to recover from Defendant Lite Cellular $89,585.00 in attorneys' fees and $12,718.90 in costs pursuant to the FCRA.

### Analysis

#### I. Plaintiff's Motion for Injunctive Relief

Lite Cellular contends that Plaintiff is not entitled to injunctive relief under the FCRA, and even if he were, Lite Cellular would be unable to comply with the relief requested.

 Generally, "a federal district court has wide discretion to fashion appropriate injunctive relief in a particular case." *Richmond Tenants Org., Inc. v. Kemp*, 956 F.2d 1300, 1308 (4th Cir.1992). However, district courts conflict as to whether injunctive relief is allowed under the FCRA, and the issue has not been addressed in this circuit.

Lite Cellular cites three cases where district courts expressly ruled that they have no authority to grant equitable relief under the FCRA. *See Ditty v. CheckRite Ltd., Inc.*, 973 F.Supp. 1320 (D.Utah 1997); *Mangio v. Equifax, Inc.*, 887 F.Supp. 283 (S.D.Fla. 1995); *Kekich v. Travelers Indemnity Co.*, 64 F.R.D. 660 (W.D.Pa.1974). In response, Plaintiff cites two cases where courts issued

injunctions to enforce the FCRA. *See Greenway v. Information Dynamics, Ltd.,* 399 F.Supp. 1092 (D.Ariz.1974), *aff'd per curiam,* 524 F.2d 1145 (9th Cir.1975), *cert. denied* 424 U.S. 936, 96 S.Ct. 1153, 47 L.Ed.2d 344 (1976); *Wenger v. Trans Union Corp.,* No. 95–6445 (C.D.Cal. Nov. 14, 1995) (unpublished).

In *Ditty,* the most recent case cited, the District of Utah ruled that the plaintiffs were not entitled to relief under the FCRA, citing the decision in *Mangio. Ditty,* 973 F.Supp. at 1338. In *Mangio,* the Southern District of Florida stated:

> The court concludes that it lacks jurisdiction to grant [injunctive] relief. Section 1681p of FCRA authorizes district courts to enforce only a credit agency's "liability" to an individual, which FCRA defines in terms of money damages. Conspicuously absent from section 1681p is a grant of authority to enforce a credit agency's "compliance" with FCRA's requirements[.] Congress's drafting of section 1681p in this regard indicates that it did not empower district courts to issue such an injunction.

*Mangio,* 887 F.Supp. at 284.

In its ruling, the court noted that the civil enforcement provisions of the FCRA were substantially similar to the enforcement provisions under the Fair Debt Collection Practices Act ("FDCPA"). *Id.* The court then relied on numerous cases decided under the FDCPA where courts, including the Eleventh Circuit, ruled that a plaintiff has no right to injunctive relief under the FDCPA. *Id.* at 284–85 (citing, e.g., *Sibley v. Fulton DeKalb Collection Serv.,* 677 F.2d 830, 834 (11th Cir.1982)).

The Southern District of Florida also stated that, as a second reason for denying injunctive relief, Congress expressly granted the power to enforce the FCRA to the Federal Trade Commission ("FTC"). *Id.* 887 F.Supp. at 285 (citing 15 U.S.C. § 1681s(a)).[1] The court reasoned that Congress's commitment of the authority to enforce the FCRA to the FTC provides a strong indication that Congress intended to preclude private in-

junctive relief. *Id.* at 285. This decision is consistent with the Western District of Pennsylvania's decision in *Kekich,* 64 F.R.D. at 668.

In an unpublished decision in *Wenger,* the Central District of California expressly declined to follow the ruling in *Mangio,* and it found the comparison to the FDCPA to be unpersuasive. *Wenger,* No. 95–6445, pp. 1–2. The court quoted the Supreme Court in *Califano v. Yamasaki,* 442 U.S. 682, 705, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979): "[A]bsent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction." *Id.,* p. 2. The court also stated that the Ninth Circuit's decision in *Greenway* supported a grant of injunctive relief.

In *Greenway,* the District of Arizona granted injunctive relief under the FCRA, but it does not appear that the jurisdictional issue was raised. Although the Ninth Circuit affirmed the decision and expressly adopted the "careful reasoning" of the district judge, the issue of injunctive relief had not been raised on appeal. *See Greenway,* 524 F.2d at 1146.

While the FCRA does not expressly prohibit injunctive relief, Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy. The Court finds the FDCPA cases to be persuasive, as the courts in those cases found that they had no authority to provide equitable relief, even though such a restriction was not expressly stated in the statute.

■ However, even if this Court had authority to provide Plaintiff injunctive relief, he would not be entitled to an injunction in this case. In determining whether to grant permanent injunctive relief, courts examine whether there is irreparable injury and an adequate remedy at law. *Wilson v. Office of Civilian Health and Med. Programs of the Uniformed Serv.,* 65 F.3d 361, 364 n. 2 (4th

---

1. 15 U.S.C. § 1681s(a) states: "Compliance with the requirements imposed under this subchapter shall be enforced under the Federal Trade Commission Act by the Federal Trade Commission[.]"

Cir.1995). "The law is well settled that federal injunctive relief is an extreme remedy." *Simmons v. Poe,* 47 F.3d 1370, 1382 (4th Cir.1995).

■ First, Plaintiff seeks the return of records containing private information about him from Lite Cellular. However, the evidence at trial demonstrated that Lite Cellular never possessed private information about the Plaintiff. Rather, Lite Cellular merely received notice that Plaintiff had sufficient credit such that a deposit was not required on a telephone being placed in his name.

■ Second, Plaintiff seeks an order that Lite Cellular implement policies and procedures so that a similar incident will not occur. However, the evidence at trial indicated that on the occasion at issue, a Lite Cellular employee disregarded policies established to protect consumers' credit interests. Specifically, a Lite Cellular manager allowed Plaintiff's ex-wife to sign Plaintiff's name to a form authorizing a credit check. The manager knew she was violating company policy by allowing the forgery and not verifying information the applicant provided.

■ Furthermore, Plaintiff fails to demonstrate that he will personally suffer "actual and imminent" harm, or irreparable injury, if the relief requested is not granted. *See Manning v. Hunt,* 119 F.3d 254, 263 (4th Cir.1997). Injunctive relief should be denied where a plaintiff fails to demonstrate any likelihood of irreparable injury. *Id.* at 266.

■ Third, Plaintiff seeks an order enjoining Lite Cellular from disseminating any information or documents concerning him. This request essentially seeks an order that Lite Cellular comply with the FCRA. As stated, Lite Cellular contends and the evidence indicated that Lite Cellular does not have private information regarding Plaintiff. Second, the Court believes that the FCRA provides an adequate remedy at law for violations.[2]

Accordingly, Plaintiff's Motion for Injunctive Relief is DENIED.

*II. Motion for Attorney's Fees and Costs*

■ The two sections of the FCRA which Lite Cellular violated provide remedies which allow reasonable attorney's fees "in any successful action to enforce any liability" under the FCRA. 15 U.S.C. §§ 1681n, 1681*o*.[3] The parties dispute whether Plaintiff's action was a successful action to enforce a liability.

Lite Cellular argues that under *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), Plaintiff is not entitled to recover attorney's fees. In that case, the Court determined whether a civil rights plaintiff who recovers only nominal damages is a "prevailing party" and entitled to attorney's fees under 42 U.S.C. § 1988. *Farrar,* 113 S.Ct. at 570. The Court ruled that to be a prevailing party, a civil rights plaintiff must obtain "an enforceable judgment" or comparable relief through a consent decree or settlement which directly benefits him at the time of the judgment or settlement. *Id.* at 573. The Court stated, "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.*

The Court ruled that because the plaintiff in that case received nominal damages, he was a prevailing party. *Id.* However, the Court clearly indicated that a civil rights plaintiff who proves a Constitutional violation, but does not receive an enforceable

---

**2.** In this case, the jury's failure to award monetary damages was adequate because Plaintiff suffered minimal injury as a result of Lite Cellular's conduct.

**3.** 15 U.S.C. § 1681n, "Civil liability for willful noncompliance", states:
 (a) In general
 Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to

that consumer in an amount equal to the sum of—

 \* \* \* \* \* \*

 (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.
 15 U.S.C. § 1681n, "Civil liability for negligent noncompliance", contains an identical attorney's fees and costs provision.

judgment, is not a prevailing party. *Id.* at 573–74. The Court noted, "of itself, 'the moral satisfaction (that) results from any favorable statement of law' cannot bestow prevailing party status." *Id.* (citation omitted).

Lite Cellular also cites *Johnson v. Eaton*, 80 F.3d 148, (5th Cir.1996). In *Johnson*, the plaintiff demonstrated a violation of the FDCPA by a particular defendant, but she was not awarded damages. *Johnson*, 80 F.3d at 150. The FDCPA contains a provision regarding attorney's fees which is nearly identical to the provision in the FCRA. *See* 15 U.S.C. § 1692k. The Fifth Circuit ruled that by stating that attorney's fees are recoverable in successful actions to enforce a liability, the statute places explicit conditions on the award which are not met when damages are not awarded against a defendant. *Id.* at 151. The Fifth Circuit ruled in the alternative that even if the district court could have awarded attorney's fees, an appropriate award would have been $0.00 because of the results obtained. *Id.* at 152.

*Johnson* is consistent with the First Circuit's decision in *PH Group Ltd. v. Birch*, 985 F.2d 649 (1st Cir.1993). In that case, a jury found that the defendant breached an implied covenant of good faith and fair dealing, however, it awarded the plaintiff zero damages. *PH Group Ltd.*, 985 F.2d at 651–52. Citing *Farrar*, the court ruled that the plaintiff was not a "prevailing party" and affirmed the district court's decision to deny an award of attorney's fees. *Id.*

Plaintiff claims that he is entitled to attorney's fees because he proved violations of the FCRA and Lite Cellular will no longer be able to assert the legitimacy of its unlawful actions or pursue a similar course of conduct against him. However, Plaintiff does not cite any persuasive authority that a party who receives no damages and no equitable relief can be a "prevailing party" or a "successful" party under the FCRA or FDCPA.

This Court finds that the Fifth Circuit's decision in *Johnson* is persuasive and consistent with the Supreme Court's decision in *Farrar*. Under *Farrar*, if this were a civil rights case, Plaintiff would not be a "prevailing party" entitled to attorney's fees. Neither the FCRA nor case law supports a conclusion that attorney's fees for violations of the FCRA should be awarded more liberally than attorney's fees for civil rights violations. This Court agrees with the Fifth Circuit that allowing attorney's fees absent any award of damages or equitable relief would render the phrase "to enforce any liability" meaningless. *See Johnson*, 80 F.3d at 151.

Because there was no award of damages or equitable relief against any defendant in this case, the FCRA does not grant the Court authority to award Plaintiff attorney's fees and costs. Accordingly, Plaintiff's Motion for Attorney's Fees and Costs is DENIED.[4,5]

An appropriate Order shall issue.

## ORDER

In accordance with the accompanying Memorandum Opinion, it is hereby Ordered:

On June 30, 1997, pursuant to Rule 68, Lite Cellular offered to allow judgment to be taken against it in the amount of $6000. Plaintiff rejected this offer. Because the offer was more favorable than the results obtained, Lite Cellular would not be liable for costs incurred by Plaintiff after this offer. In addition, this offer supports an award of a substantially lower amount than the amount Plaintiff seeks.

---

4. If the Court were to find that Plaintiff was entitled to recover attorney's fees, the Court would award substantially less than the amount sought based on the degree of success obtained. *See Hetzel v. County of Prince William*, 89 F.3d 169, 173 (4th Cir.1996) (citing *Farrar*, 506 U.S. at 114).

In addition, under Federal Rule of Civil Procedure 68, if an offer of judgment is rejected and the offer was more favorable to the offeree than the results obtained, the offeror is not liable for costs incurred after the offer was made. The Court may consider a plaintiff's rejection of settlement offers in determining whether to award attorney's fees and in what amount. *Sheppard v. Riverview Nursing Ctr., Inc.*, 88 F.3d 1332, 1337 (4th Cir.1996).

5. On January 20, 1998, after oral argument on this matter, Plaintiff filed a Bill of Costs pursuant to Rule 54 of the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia. This Opinion does not address that claim.

(1) that Plaintiff's Motion for Injunctive Relief is DENIED;

(2) that Plaintiff's Motion for Attorney's Fees and Costs is DENIED; and

(3) that the Clerk shall forward copies of this Order to all counsel of record.