# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40694
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN MALTA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-1020-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Martin Malta appeals his sentence following his guilty plea conviction for possession with intent to distribute more than five kilograms of cocaine. He challenges the district court's denial of the safety valve under U.S.S.G. § 5C1.2 and the related adjustment under § 2D1.1(b)(16). The district court found that he failed to provide truthful and complete information to the Government about his offense, as required under § 5C1.2(a)(5).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40694

Malta, who worked as a truck driver, informed the Government that a man he had never seen before approached him in front of his house and threatened harm to his family unless he transported nearly 20 kilograms of cocaine across the border checkpoint. According to Malta's information, the man left after giving Malta the cocaine, telling Malta only that he would be followed and signaled to pull over for return of the cocaine after he crossed the checkpoint. Malta stated that the man approached him just as he was prepared to pick up a load he was already scheduled to transport across the checkpoint for his company.

The defendant has the burden of establishing eligibility for the safety valve, including the burden of showing that he has truthfully provided the Government with all the information and evidence he has about the offense. *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996). We review for clear error a district court's finding that the defendant has not provided truthful and full disclosure as required under § 5C1.2(a)(5). *United States v. McCrimmon*, 443 F.3d 454, 457-58 (5th Cir. 2006). The district court's credibility determinations are entitled to deference. *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).

Malta contends that the district court clearly erred in denying the safety valve given that the Government did not offer any evidence contradicting his version of events. Citing *United States v. Miller*, 179 F.3d 961, 968 (5th Cir. 1999), Malta asserts that a finding of untruthfulness must be based on more than pure speculation. The district court heard testimony both from Malta and the special agent with whom Malta debriefed and found that the version of events Malta provided the Government, particularly the fact that an unknown man gave Malta such a large quantity of cocaine with such high street value without exchanging any contact information, was unbelievable or incomplete.

2

No. 13-40694

Malta disputes the value of the cocaine he was given, asserting that the production of cocaine is an inexpensive process even though its retail price is high.  He also faults the district court's questioning of why he did not confront the unknown man and call law enforcement when approached at his house. A factual finding is not clearly erroneous if it is plausible in view of the record as a whole.  *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010).  Malta has not shown that the district court's finding was clearly erroneous.  *See McCrimmon*, 443 F.3d at 457-58.

AFFIRMED.