**In re Berthe LETOURNEAU, Petitioner.**

**No. 1554, Docket 77–3031.**

United States Court of Appeals,
Second Circuit.

Submitted April 5, 1977.

Decided July 28, 1977.

Kalman Finkel, John E. Kirklin, Janet M. Calvo, The Legal Aid Society, New York City, for petitioner.

Robert B. Fiske, Jr., U. S. Atty., S.D. N.Y., New York City (Frederick P. Schaffer, Asst. U. S. Atty., New York City, of counsel), for respondent.

Before OAKES, Circuit Judge, and WYZANSKI * and HOLDEN,** District Judges.

OAKES, Circuit Judge:

■ Petitioner seeks a writ of mandamus, pursuant to 28 U.S.C. § 1651, to require the United States District Court for the Southern District of New York, Kevin Thomas Duffy, Judge, to convene a three-judge district court to determine the constitutionality of 26 U.S.C. § 1402(c)(2)(C) and 42 U.S.C. § 411(c)(2)(C). The claim is that these statutes unconstitutionally deny Social Security benefits to aliens lawfully admitted for permanent residence in the United States who work for an international

* Senior Judge of the United States District Court for the District of Massachusetts, sitting by designation.

** Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

organization or foreign government instrumentality.[1] Judge Duffy refused to convene a three-judge court, which may be convened only if the complaint "alleges a basis for equitable relief," *Idlewild Bon Voyage Liquor Corp. v. Epstein,* 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962) (per curiam); *Nieves v. Oswald,* 477 F.2d 1109, 1112 (2d Cir. 1973); *see* 28 U.S.C. § 2282. The judge concluded that here the relevant jurisdiction-conferring statute, 42 U.S.C. § 405(g),[2] forbids issuance of an injunction against operation of the statutory scheme. This ruling is reviewable on a petition for mandamus. *Gonzales v. Automatic Employees Credit Union,* 419 U.S. 90, 100 n.19, 95 S.Ct. 289, 42 L.Ed.2d 249 (1974). We hold that the district court's construction of 42 U.S.C. § 405(g) is incorrect, and we therefore remand for consideration of the substantiality of petitioner's constitutional claims.

■ The court below relied for its conclusion on a footnote in *Weinberger v. Salfi,* 422 U.S. 749, 763 n.8, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), which in dictum may be read to state that § 405(g) does not affirmatively grant injunctive power to the federal courts.[3] At least one other district court has been persuaded by this footnote to hold that § 405(g) leaves it without injunctive power. *Webster v. Secretary of H.E.W.,* 413 F.Supp. 127, 128 n.1 (E.D.N.Y.1976), *rev'd on other grounds sub nom. Califano v. Webster,* 430 U.S. 313, 97 S.Ct. 1192, 51 L.Ed.2d 360 (1977) (per curiam). *See also Slone v. Weinberger,* 400 F.Supp. 891, 894 (E.D.Ky.1975).[4] We believe, however, that

1. A recent amendment to 28 U.S.C. § 2284 obviates the need for a three-judge court in future cases of this kind, but the amendment by its terms does not apply to suits commenced prior to the date of its enactment (August 12, 1976). Pub.L.No.94–381, § 7, 90 Stat. 1119, 1120 (1976).

2. 42 U.S.C. § 405(g) provides in relevant part:
    Any individual, after any final decision of the Secretary made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business . . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing . . . . The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions . . . . .

3. The footnote reads in full:
    Since § 405(g) is the basis for district court jurisdiction, there is some question as to whether it had authority to enjoin the operation of the duration-of-relationship requirements. Section 405(g) accords authority to affirm, modify, or reverse a decision of the Secretary. It contains no suggestion that a reviewing court is empowered to enter an injunctive decree whose operation reaches beyond the particular applicants before the court. In view of our dispositions of the class-action and constitutional issues in this case, the only significance of this problem goes to our own jurisdiction. If a § 405(g) court is not empowered to enjoin the operation of a federal statute, then a three-judge District Court was not required to hear this case, 28 U.S.C. § 2282, and we are without jurisdiction under 28 U.S.C. § 1253. However, whether or not the three-judge court was properly convened, that court did hold a federal statute unconstitutional in a civil action to which a federal agency and officers are parties. We thus have direct appellate jurisdiction under 28 U.S.C. § 1252. *McLucas v. DeChamplain,* 421 U.S. 21, 31–32, 95 S.Ct. 1365, 43 L.Ed.2d 699 (1975).
    422 U.S. at 763 n.8, 95 S.Ct. at 2466 n.8.

4. Respondent also claims that *Jablon v. Secretary of H.E.W.,* 399 F.Supp. 118, 121 (D.Md. 1975) (three-judge court), supports its position and indeed forecloses the issue since it was summarily affirmed by the Supreme Court, 924 U.S. 430, 97 S.Ct. 1539, 51 L.Ed.2d 768 (1977). In *Jablon,* however, a three-judge court was in fact convened, and whether that court declined on the merits to issue an injunction or was persuaded by the *Salfi* footnote that it had no power to do so is left unclear in the opinion. Thus just what it was that the Supreme Court summarily affirmed is similarly unclear. Moreover, a summary affirmance, as the Supreme Court has recently reminded us, " 'affirm[s] the judgment but not necessarily the reasoning by which it was reached.' " *Mandel v. Bradley,* —— U.S. ——, 97 S.Ct. 2238, 53 L.Ed.2d 199 (1977) (per curiam), *quoting Fusari v. Steinberg,* 419 U.S. 379, 391, 95 S.Ct. 533, 42 L.Ed.2d 521 (1975) (Burger, C. J., concurring).

the footnote, which is an observation and not a holding, and which does not examine the well-developed prohibition against inferring denial of remedial powers from ambiguous statutory language, leaves the ultimate issue open. *See Norton v. Mathews,* 427 U.S. 524, 533–34, 96 S.Ct. 2771, 49 L.Ed.2d 672 (1976) (Stevens, J., dissenting).

█ Subject to due process limitations, Congress may grant jurisdiction over particular subject matter to the federal courts while withholding the power to give certain remedies. *See Palmore v. United States,* 411 U.S. 389, 400–02, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973). *See generally* Hart, *The Power of Congress to Limit the Jurisdiction of Federal Courts: An Exercise in Dialectic,* 66 Harv.L.Rev. 1362, 1366 (1953); Note, *Congressional Power Over State and Federal Court Jurisdiction: The Hill-Burton and Trans-Alaska Pipeline Examples,* 49 N.Y.U.L.Rev. 131 (1974). When a congressional intent is unclear, however, no diminution in the remedial powers of the federal courts may be inferred. Congress must speak clearly to interfere with the historic equitable powers of the courts it has created. *Porter v. Warner Holding Co.,* 328 U.S. 395, 398, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946); *Hecht Co. v. Bowles,* 321 U.S. 321, 330, 64 S.Ct. 587, 88 L.Ed. 754 (1944); *Brown v. Swann,* 35 U.S. (10 Pet.) 497, 503, 9 L.Ed. 508 (1836); *Usery v. Local 639, International Brotherhood of Teamsters,* 177 U.S.App. D.C. 222, 543 F.2d 369, 388 (1976); *Commodity Futures Trading Commission v. British American Commodity Options Corp.,* 422 F.Supp. 662, 664 (S.D.N.Y.1976).

█ Here, § 405(g) speaks expansively of what a district court may do—it may affirm, reverse or modify in any way the Secretary's judgment—and is completely silent on any limitations on the court's equitable powers. *See* note 2 *supra.* In this absence of any affirmative limitation on historic district court powers, we may not infer that Congress meant to circumscribe them. *Accord, Johnson v. Mathews,* 539 F.2d 1111, 1125 (8th Cir. 1976). *See also Jimenez v. Weinberger,* 523 F.2d 689, 694 (7th Cir. 1975), *cert. denied,* 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204 (1976).

While we therefore hold that § 405(g) does not bar issuance of an injunction, there remains the question whether petitioner's constitutional claim is so insubstantial that a three-judge court nevertheless need not be convened, *see Goosby v. Osser,* 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973). The court below did not consider this question, and we therefore remand for a consideration of the substantiality of petitioner's constitutional claims, particularly in light of *Mathews v. Diaz,* 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976), and *Nyquist v. Mauclet,* —— U.S. ——, 97 S.Ct. 2120, 53 L.Ed.2d 63 (1977). *See also Fiallo v. Bell,* 430 U.S. 787, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977).

Cause remanded.