OPINION OF THE COURT
David B. Saxe, J.
The issue that I am asked to resolve here is whether a tenant who, as part of a stipulation, has fully paid an amount equal to the stipulated final judgment for rent arrears, may nevertheless, at some later time be evicted from her apartment on the basis of nonpayment of rent which accrued subsequent to the settlement of and was never the subject of the summary proceeding?
The stipulation in issue provided that the respondent, as a condition to the settlement of a nonpayment summary proceeding, consent to a final judgment of possession with a stay of the execution of the warrant pending compliance with a payment schedule contained in the stipulation. A clause in the stipulation stated: “6. Payments made in accordance with this Stipulation are in addition to and first applied to respondent’s current rent.”
It appears that the respondent paid an amount of rent that was equal to the sum represented in the underlying final judgment. However, in accordance with the language of paragraph 6 the landlord applied the tenant’s payments to current rent obligations first. A balance then remained due with respect to the judgment for rent arrears. The tenant was presumably then in default of the stipulation. The landlord thereupon had execution issue upon the war *797 rant and the tenant was removed from possession. Now, by way of order to show cause, the tenant seeks to be restored to possession claiming that she was not in default under the stipulation. She argues that since she fully paid all rent moneys that formed the basis of the final judgment of possession under the stipulation, she has satisfied the terms of the stipulation. She further claims that since she was not represented by counsel during the negotiations leading up to the signing of the stipulation, she did not appreciate the fact that all payments would first be applied to current obligations and then only to paying off the money judgment. Thus, she argues that this clause, if given effect, would validate the eviction of a tenant who has fully paid an amount of money equal to the final judgment set out in the stipulation. Under the circumstances existing here, I agree and choose not to recognize or give effect to the clause in controversy.
It is clear that stipulations are contracts between the parties and are to be encouraged by courts. They will not be set aside or modified absent a showing of fraud, collusion, mistake, accident or good causes. (Glenbriar Co. v Bloomfield, NYLJ, May 7, 1982, p 6, col 2; Matter of Frutiger, 29 NY2d 143, 149-150.) But, where the terms of the stipulation are ambiguous, the stipulation will be construed so as to avoid interpreting the agreement in such a fashion as to highlight the ambiguity (1 Rasch, NY Landlord & Tenant Summary Proceedings [2d ed], § 107 et seq.). Moreover, where the ambiguity is the result of the draftsman’s use of language, the clause in question containing the ambiguity will be resolved against the draftsman of the language — here, the landlord. What is unclear under the terms of this stipulation is the precise payment obligations of the respondent. The respondent consented in the stipulation to a final judgment with a payment schedule. But, clause “6” of the stipulation states that payments made pursuant to the stipulation are in addition to and first applied to respondent’s current rent. The tenant’s obligation to meet the projected schedule of payments under the stipulation is inconsistent with the obligations set forth later in paragraph 6. If a landlord intends to apply a tenant’s payment to future rent as it becomes due, then, I suggest that it is *798 the landlord’s obligation to specify the exact payments to be made by the tenant and at what dates payments are due. Thus, for example, a proper stipulation under this analysis might contain the following language: On April 1, 198_, the tenant shall pay the sum of $_representing rent due and owing for the month of April, 198_; on April 15, 198_, the tenant shall pay the sum of $_, which shall be applied only to reducing the final judgment agreed to by the tenant under this stipulation. Without the benefit of counsel and with a clear delineation of payment obligations, the tenant’s misunderstanding of her obligations was understandable. She should not be penalized as a result.
Simply put, the tenant here paid to her landlord an amount equal to the underlying rent judgment to which she consented as part of the stipulation that settled the summary proceeding. Nevertheless, the stipulation that she was inveigled into signing caused her payments to be applied to current rent thus leaving the judgment unsatisfied and prompting the execution of the warrant, resulting in her being put out of possession.
Additionally, under the circumstances existing here, this stipulation, as interpreted by the landlord, rearranges basic notions of fairness and good faith. Since the tenant paid and the landlord accepted an amount equal to the possessory judgment set out in the stipulation, before the warrant was executed, I hold that the eviction here based upon the conflicting clauses in the stipulation relating to allocation of payments, must be overturned. (Cf. J A R Mgt. Corp. v Foster, 99 Misc 2d 315, revd on other grounds 109 Misc 2d 693; Rosen v Hickson, 104 Misc 2d 642; Matter of Walker v Ribotsky, 275 App Div 112.)
The landlord’s attorney cries for an end to litigation. And indeed there should be. Given my reading of the stipulation, this matter should have been concluded when the tenant paid the amount of money represented by the final judgment in the stipulation.
I find that the type of clause employed in this stipulation is an unfortunate and often pernicious weapon against unsuspecting tenants, especially those who are not represented by counsel. To those who represent landlords and *799 choose to use it, let them be forewarned that its intention will only be validated if the obligations of the tenant, in amount and in time are clearly demarcated.
Accordingly, the motion to restore is granted and the petitioner is directed to restore the tenant to possession immediately.