OPINION OF THE COURT
David B. Saxe, J.
While presiding in Part 7 of the Landlord-Tenant Part of the Civil Court, I was presented with a stipulation of settlement prepared in connection with a nonpayment proceeding, executed by the attorney for the landlord and the pro se tenant. The stipulation was prepared by the attorney for the landlord.
As is customary in that Part, I conducted an inquiry in the presence of the tenant and examined the terms of the stipulation. Since many tenants are unrepresented in housing matters, it has become common for the court to inquire about the terms of settlement and the intrinsic fairness of the bargain.
Here, it appears that Mr. Altmann, a resident at 222 East 93 Street, in the Yorkville section of Manhattan, owes rent through January 31, 1985 in the sum of $2,276.50.
Under the terms of the proposed stipulation, Mr. Altmann agrees to allow the landlord to obtain a final judgment in the amount of $2,276.50. Mr. Altmann is to make 10 weekly payments of $227.65 (the judgment amount) and two monthly payments of $532.50 (representing future rent payments) on various dates throughout January, February and March. Further, the stipulation provides that in the event Mr. Altmann fails to meet any payment of either the judgment amount or the future rent (Feb. and Mar.) pursuant to the payment schedule, the landlord may move to obtain a warrant of eviction.
The difficulty with this proffered stipulation is apparent — the landlord may obtain an agreement for the issuance and *116 acceleration of a warrant of eviction for rent not presently due and for which the petition at hand could not yet be amended to include.
The petitioner’s position is that it can condition the issuance of a warrant upon any event including the nonpayment of future rent and that if this type of arrangement is not sanctioned, a landlord will be inclined to refuse to permit a tenant an extended period in which to pay off arrearages, resulting in quick forfeiture, for tenants unable to meet large financial obligations. That indeed may be a cause for concern.
Nevertheless, summary proceedings are a creature of statute and are in derogation of the common law. (300 W. Realty Co. v Wood, 69 Misc 2d 580, affd 69 Misc 2d 582 [App Term, 1st Dept 1972].) They provide a quick and efficient means of resolving housing disputes such as the nonpayment of rent and are uniquely streamlined for quick disposition. But, such a streamlined procedure, as fashioned here by stipulation, should not be allowed to work automatic evictions.
Plain and simple, the procedure outlined in the stipulation, even though it provides for notice to the tenant upon default before issuance of the warrant, still amounts to the obtaining of a warrant and an eviction for rent not presently owing. That is an inequitable and unfair result.
The argument that landlords will not permit long payouts unless tied in with obtaining the right to execute the warrant upon default of rent not yet due does not seem correct or probable.
If the landlord believes that the tenant can obtain the rent representing past arrears, through, for example, the Department of Social Services, then the landlord will extend time. If the landlord assesses the tenant’s position as impecunious so that it is unlikely that the tenant will pay off the back rent, no payout will be allowed. In short, the landlord must conduct an assessment of the tenant’s financial situation and make a business decision about whether or not to offer a payout. It is implausible to say that landlords will refuse to provide payouts if they are not allowed to tie them in with future rents through the use of a “floating warrant”. Landlords will permit payouts I believe, based on the likelihood of their being made whole.
I hold that a stipulation which, in essence, entitles the landlord to evict a residential tenant for nonpayment of amounts of rent exceeding the amount of rent sought in the petition (or, in the event the amount sought in the petition does not reflect current rent, then the amount the petition could be amended to *117 include at the time of the proposed stipulation), violates public policy. The reason is apparent — this mode of coercing payments of rents not yet due would impede the tenant’s ability to assert against the landlord future defenses such as a breach of the warranty of habitability which, by statute, has been declared to be the pubic policy of this State (Real Property Law § 235-b). Thus, under this stipulation, the tenant would not be able to withhold his future rent even though a serious breach of the warranty of habitability may later occur. While it is clear that payment of rent does not waive this claim, the tenant has lost his primary means of persuading the landlord to maintain habitable premises. Based on this analysis, I hold that this stipulation and others of similar effect, as applied to residential tenancies, are unconscionable, and violate public policy.
It should not be forgotten, however, that stipulations are treated as contracts between parties and that in order to promote the public policy of encouraging parties to resolve their disputes, stipulations will ordinarily be enforced by the courts. Thus a “ ‘stipulation will not be destroyed without a showing of good cause therefor, such as fraud, collusion, mistake, accident, or some other ground of the same nature’.” (Matter of Frutiger, 29 NY2d 143, 150 [1971].) Here, however, this stipulation collides head-on with a countervailing public policy that promotes the assertion of a defense based upon the warranty of habitability in appropriate circumstances. In an era of scarce rental housing, public policy tips in favor of encouraging the effective use of this tenant’s right. I am therefore justified in departing from the general rule which requires a court to enforce the terms of a stipulation as written. (See generally, Matter of Frutiger, supra; Comity Realty Corp. v Peterson, 118 Misc 2d 796 [Civ Ct, NY County 1983].)
The stipulation presented to this court is therefore rejected. I reiterate that this holding is strictly limited to the residential context.