OPINION OF THE COURT
David B. Saxe, J.
The issue that I must decide is whether a cooperative proprietary lease provision that contains a conditional limitation operative upon a default in the payment of rent thereby allowing recovery of the residential premises in a holdover summary proceeding is valid.
The premises involved is apartment 15-C at 520 East 86th Street, New York, New York, a cooperative apartment house. The respondent here is the owner of shares allocated to her apartment which she occupies pursuant to the provisions of a proprietary lease.
From October 1983 through August 1984, the respondent withheld payment of her maintenance (co-op rent) due to her claim that the co-op has persistently refused to properly repair her apartment and maintain it in a habitable condition.
Instead of starting a nonpayment summary proceeding, the petitioner cooperative corporation has begun a holdover action predicated upon a lease clause in the renewal proprietary lease that provides for the immediate termination of the cooperators *567 lease “[i]f the lessee shall be in default for a period of two months in the payment of any rent or additional rent or of any installment thereof, herein before provided for.” Such a clause operates as a conditional limitation (2 Rasch, NY Landlord & Tenant, Summary Proceedings § 743), and upon its occurrence, the landlord may treat the offending tenant’s lease as terminated. (Id.)
After the petitioner declared the lease terminated, a holdover summary proceeding was started based, in part, upon the termination of the renewal proprietary lease for defaulting in payment of the maintenance. The tenant’s position is that she withheld rent on account of breaches by the co-op of the warranty of habitability.
The apparent forfeiture is attacked as violative of public policy on two principal grounds.
First, it is claimed that the creation of a conditional limitation based upon a rent default interferes with the tenant’s right to cure rent defaults in nonpayment proceedings pursuant to RPAPL 751 (1). Second, it is claimed that the clause severely limits the statutory right to assert a breach of the warranty of habitability. For the following reasons, I agree, and hold that the conditional limitation is void as contrary to public policy.
In Park Summit Realty Corp. v Frank (107 Misc 2d 318 [App Term, 1st Dept 1980], affd 84 AD2d 700 [1st Dept 1981], affd 56 NY2d 1025 [1982]), the landlord attempted to evict a statutory “permanent tenant” (i.e., one who has resided in the hotel for six months under the Code of the Metropolitan Hotel Industry Stabilization Association, Inc. [Hotel Code]) for nonpayment of rent through the means of a holdover proceeding. Construing the words of Hotel Code § 50 which forbids eviction of a “permanent tenant * * * so long as he continues to pay rent”, the landlord contended that the tenant, upon default in rental payments, lost his status as a permanent tenant and reverted to that of a month-to-month tenant which the landlord, at his pleasure, might terminate and proceed to evict through the use of a holdover proceeding. The court rejected the landlord’s reasoning and held that the tenant’s status was that of a statutory tenant and, since the failure to pay rent was the foundation for the summary proceeding, the use of the holdover action was an improper vehicle to effect an ouster. The court dismissed the holdover proceeding in favor of the commencement of a nonpayment case in which the tenant is given the opportunity to cure the breach of his rent obligation.
The Appellate Term stated:
*568 “the design of the emergency rent laws was to prevent unjust evictions by landlords eager to squeeze the highest possible rent out of housing-hungry tenants * * *
“Rent, then, was viewed as the most sensitive element of the landlord-tenant relationship and the one that could most easily be turned into a weapon of abuse. It seems to us to be more in harmony with the legislative intent of the Rent Stabilization Law to afford the stabilized tenant the opportunity to cure a rent default which often may be the result of an oversight easily remedied.”
The rule in the commercial setting appears to be otherwise. In Grand Liberte Coop. v Bilhaud (126 Misc 2d 961 [App Term, 1st Dept]), the lower court’s holding to the effect that a lease provision creating a conditional limitation for the nonpayment of rent was void as against public policy because it vitiated the statutory right to cure a default in a nonpayment proceeding as expressly provided for in RPAPL 751 (1) was reversed by the Appellate Term. That court held that such a clause in the commercial context was enforceable and noted that the tenant was not left without a remedy: he could have obtained a stay in the Supreme Court to toll the running of the cure period and the expiration of the lease under the rule enunciated in First Natl. Stores v Yellowstone Shopping Center (21 NY2d 630 [1968]). The Appellate Term apparently did not give great weight to the argument that by permitting a holdover proceeding rather than a nonpayment proceeding, the tenant lost an important right under RPAPL 751 (1) which permits a tenant in a nonpayment proceeding to cure his rental default by paying or depositing the unpaid rent at any time prior to the issuance of the warrant of eviction. As to this, the Appellate Term stated: “The fact that landlord could, at its option, have brought a nonpayment proceeding (RPAPL 711 [2]), in which event the tenant would have had the right to deposit the amount of the final judgment into court prior to the issuance of a warrant (RPAPL 751 [1]), did not preclude the landlord from terminating the lease in accordance with * * * a holdover proceeding pursuant to RPAPL 711 (1)” (Grand Liberte Coop. v Bilhaud, supra, p 963).
It thus appears that the Appellate Term has conclusively determined the issue presented with respect to commercial premises. It would further appear that, in light of the Appellate Term’s pronouncement in Grand Liberte (supra) that such conditional limitations are valid in the commercial context, that two other cases involving the same issue which were decided by me prior to the Grand Liberte case, although never appealed from, *569 are no longer representative of the law in New York City. (See, 950 Third Ave. Co. v Eastland Indus., 119 Misc 2d 19 [Civ Ct, NY County 1983]; Mostazafan Found. v American Center for Life Assistance, NYLJ, Sept. 19, 1983, p 16, col 5 [Civ Ct, NY County].)
The lease provision in this case is similar to the lease provision at issue in Grand Liberte (supra). The issue thus becomes whether a different result is warranted solely because this is a residential case rather than a commercial case.
This case, involving the propriety of the use of a holdover proceeding for failure to pay rent as it comes due must be distinguished from another line of cases holding that a tenant’s continuous course of conduct in failing to pay rent may be a noncurable breach of a substantial lease obligation, for which an eviction by way of a holdover proceeding is permissible. (See, National Shoes v Annex Camera & Elecs., 114 Misc 2d 751 [Civ Ct, NY County 1982]; Ocean Farragut Assoc. v Sawyer, 119 Misc 2d 712 [Civ Ct, Kings County 1983].)
The situation before me is not similar to those encountered in what is popularly termed the “chronic or repeated nonpayment” holdover cases, but instead, is more akin to the situation encountered in Park Summit Realty Corp. v Frank (supra). A review of the rights and interests at stake as enunciated so well in Park Summit Realty Corp. v Frank (supra,) leads me to conclude that the analysis and conclusions reached in Grand Liberte Coop. v Bilhaud (supra), to the effect that such conditional limitations are valid and enforceable, are not controlling in the residential context. In the residential arena, I hold that Park Summit compels the opposite result. Moreover, since the dispute in Park Summit Realty Corp. v Frank (supra) involved a construction of the provisions of the Hotel Stabilization Code whereas here the landlord relies on a clearly defined conditional limitation clause set out in the proprietary lease, does not, in my opinion, distinguish the two cases. My reasons are as follows:
First, I hold that the reasoning adopted and utilized in 950 Third Ave. Co. v Eastland Indus. (supra), although not applicable to the commercial lease context (Grand Liberte Coop. v Bilhaud, supra), is applicable in the residential context, such as a cooperative apartment. And, although the Rent Stabilization Law does not apply here, a result that would ignore the opportunity to cure a residential rent default that could be easily remedied would be contrary to public policy and indeed unconscionable. (Estro Chem. Co. v Falk, 303 NY 83 [1951].)
*570 Second, the conditional limitation contained in the proprietary lease between the co-op and tenant, providing for a termination of the lease upon the failure to pay rent for two months severely limits a tenant’s statutory right to assert a breach of the warranty of habitability. (Park W. Mgt. Corp. v Mitchell, 47 NY2d 316.) Real Property Law § 235-b (2) states: “Any agreement by a lessee or tenant of a dwelling waiving or modifying his rights as set forth in this [the warranty of habitability] section shall be void as contrary to public policy.”
The warranty of habitability has been held to apply to cooperative apartments. (Suarez v Rivercross Tenants’ Corp., 107 Misc 2d 135 [App Term, 1st Dept 1981].)
Thus the clause providing for a conditional limitation for the failure to pay rent for two months (or additional rent) substantially modifies and impedes a tenant’s right to assert a breach of the warranty of habitability.
The only meaningful weapon a tenant has against a landlord for refusing to maintain the premises in a habitable condition is to withhold rent. If a tenant fears that withholding rent could cause lease termination automatically, a tenant would be deterred from asserting a breach of the warranty of habitability. (Ruppert House Co. v Altmann, 127 Misc 2d 115 [Civ Ct, NY County 1985, Saxe, J.].) If such a lease provision were upheld as valid, a tenant would be deterred from lawfully withholding rent for a breach of warranty of habitability because the risk in doing otherwise would be too great: an eviction and loss of all stock interest in the cooperative corporation.
Third, it should be noted that despite the fact that the lease contains a conditional limitation which permits termination upon the tenant’s failure to cure, RPAPL 753 (4) imposes in favor of the residential tenants a permanent injunction barring forfeiture of the lease for the rent failure if the tenant cures within 10 days of judgment. (Post v 120 E. End Ave. Corp., 62 NY2d 19 [1984].) Whether or not cure must be made by tender of the full amount of the claimed rent or co-op maintenance, in the face of warranty of habitability claims, is not now before me.
For the above-stated reasons I hold that the conditional limitation clause at issue here is void and unenforceable. Accordingly, the motion by the respondent tenant, made at the court’s direction, is granted to the extent of dismissing the second cause of action predicated upon the effect of a conditional limitation for the nonpayment of rent.
*571 In any event, dismissal of the cause of action predicated on the conditional limitation clause contained in the renewal proprietary lease is mandated because, although the reasons precipitating the failure to execute the renewal are disputed, the fact is that the renewal was never executed. That being said, and in absence of proof that the original lease contained a similar conditional limitation provision, this cause of action, relying on the terms of a lease which was never executed, may not be maintained.
The first cause of action based upon Ms. Leventritt’s failure to execute a renewal proprietary lease states a valid cause of action and a trial shall be scheduled for April 2,1985 in Part 49 of this court.