Adam WHITE, Plaintiff,

v.

**FIRST AMERICAN REGISTRY, INC., Defendant.**

No. 04 Civ. 1611(LAK).

United States District Court, S.D. New York.

July 21, 2005.

James B. Fishman, Fishman & Neil, LLP, Seth R. Lesser, Andrew P. Bell, Locks Law Firm, PLLC, New York City, Stacy J. Canan, AARP Foundation, Washington, DC, for Plaintiff.

Charles A. Newman, Jason Maschmann, Suzanne M. Berger, Bryan Cave LLP, St. Louis, MO, for Defendant.

**MEMORANDUM OPINION**

KAPLAN, District Judge.

Plaintiff brings this putative class action on behalf of himself and others against defendant First American Registry ("FAR") for violating the Fair Credit Reporting Act[1] ("FCRA"), the New York Fair Credit Reporting Act[2] ("NYFCRA"), and Section 349 of the New York General Business Law. He contends that defendant lacks reasonable procedures to assure the maximum possible accuracy of the consumer reports it furnishes to its customers, which, in this case, are New York City landlords.

Defendant moves for judgment on the pleadings dismissing so much of counts one and two as seek injunctive relief under the FCRA and NYFCRA, asserting that those statutes do not permit private plaintiffs to obtain such relief.

*A. Fair Credit Reporting Act*

Count one seeks monetary, declaratory and injunctive relief for FAR's alleged violations of the FCRA, which requires consumer reporting agencies "to follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates."[3] Defendant contends that the FCRA does not permit a private party to seek declaratory and injunctive relief. It asserts that such relief may be sought only by the Federal Trade Commission ("FTC").

■ "Absent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction."[4] The question, therefore, is

---

1. 15 U.S.C. §§ 1681 *et seq.*

2. N.Y. GEN. BUS. LAW. §§ 380 to 380–t (McKinney 1996 & Supp.2005).

3. 15 U.S.C. § 1681e(b).

4. *Califano v. Yamasaki,* 442 U.S. 682, 705, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979); *accord Weinberger v. Romero–Barcelo,* 456 U.S. 305, 313, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982) (citing *Brown v. Swann,* 35 U.S. 497, 503, 10 Pet. 497, 9 L.Ed. 508 (1836)).

whether Congress has "'sp[oken] clearly' of its intent to 'interfere with the historic equitable powers of the Court.'"[5] Congress speaks clearly when a statute limits a court's equitable power "'in so many words, or by a necessary and inescapable inference.'"[6]

■ Sections 1681n[7] and 1681o[8] respectively provide for civil liability for willful and negligent noncompliance with the FCRA. Each speaks only to monetary damages and attorney's fees. Section 1681s, in turn, provides for civil enforcement by the FTC under the Federal Trade Commission Act[9] which empowers the Commission to enjoin offending parties,[10] and authorizes states to pursue injunctive relief and monetary damages.[11]

The Second Circuit has not addressed the question whether the FCRA limits the equitable relief available to private plaintiffs. Federal courts are split on the issue, with a majority holding that the FCRA does not permit such relief.[12] Only one circuit court has addressed the question in depth.

In *Washington v. CSC Credit Services Inc.*,[13] the Fifth Circuit concluded that the "affirmative grant of power to the FTC to

---

5. *Conboy v. AT & T Corp.*, 241 F.3d 242, 255 (2d Cir.2001) (quoting *In re Letourneau*, 559 F.2d 892, 894 (2d Cir.1977)).

6. *Id.* (quoting *Porter v. Warner Holding Co.*, 328 U.S. 395, 398, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946)); *see also Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 543, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987) ("Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of the that jurisdiction is to be recognized and applied.").

7. In relevant part, 15 U.S.C. § 1681n(a). provides:

"Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—(1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 or more than $1,000...."

8. 15 U.S.C. § 1681o(a) reads as follows in pertinent part:

"Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of-
"(1) any actual damages sustained by the consumer as a result of the failure; and
"(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court."

9. 15 U.S.C. § 45(b).

10. *Id.* (After giving notice and a hearing, the "Commission shall ... issue and cause to be served on such person, partnership, or corporation an order requiring such person, partnership, or corporation to cease and desist from using such method of competition or such act or practice.").

11. *Id.* § 1681s(c)(1). Section 1681s(b) provides also for specific enforcement by other federal agencies in certain circumstances.

12. *Compare Washington v. CSC Credit Services Inc.*, 199 F.3d 263 (5th Cir.2000) (no private right to seek injunctive and declaratory relief under the FCRA); *Howard v. Blue Ridge Bank*, 371 F.Supp.2d 1139 (N.D.Cal.2005) (same); *Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328 (N.D.Ill.2002) (same); *Bumgardner v. Lite Cellular, Inc.*, 996 F.Supp. 525 (E.D.Va.1998) (same); *Mangio v. Equifax, Inc.*, 887 F.Supp. 283 (S.D.Fla.1995), *with Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir.2001) (suggesting that a private plaintiff could obtain an injunction under the FCRA); *Andrews v. Trans Union Corp.*, 7 F.Supp.2d 1056 (C.D.Cal.1998) (FCRA does allow a private plaintiff to obtain injunctive relief), *rev'd in part and aff'd in part on other grounds sub nom. Andrews v. TRW, Inc.* 225 F.3d 1063 (9th Cir.2000), *rev'd*, 534 U.S. 19, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001).

13. 199 F.3d 263 (5th Cir.2000).

pursue injunctive relief, coupled with the absence of a similar grant to private litigants" persuasively demonstrates Congress' intent to limit the court's traditional equitable powers to cases brought by the FTC.[14] It further found this conclusion supported by the fact that the damage remedy for violations of Section 1681u, which permits disclosure of consumer reports to the FBI for counterintelligence purposes, expressly provides that "[i]n addition to any other [damage or attorney's fees] remedy contained in this section, injunctive relief shall be available to require compliance with the procedures of this section." [15] "Thus, where Congress intended to allow private injunctive relief under the FCRA," the court reasoned, "it expressly stated that this relief was available." [16]

Courts have inferred an unmistakable intent to limit private injunctive relief from similar structural features in other statutes.[17] In *Conboy v. AT & T Corp.*,[18] the Second Circuit concluded that Congress intended to limit private injunctive relief under Section 222 of the Telecommunications Act.[19] The court there observed that the Act provided a damage remedy for private parties, affirmatively empowered the Federal Communications Commission ("FCC"), through the Attorney General, to seek injunctive relief, and provided in another section for private injunctive relief for violations of FCC orders.[20] It there-fore held that Congress had enacted a comprehensive remedial scheme which "does not include a general right to seek private injunctive relief for violations of the Act." [21] It explained that its inference was " 'necessary and inescapable' ... because Congress provided for private injunctive relief for violations of other provisions of the Act." [22]

Plaintiff responds that *Washington* and the cases adopting its reasoning were wrongly decided. He contends that the Fifth Circuit's reasoning would render superfluous Section 1681s–2(d) and that the text and structure of FCRA therefore are equivocal with respect to congressional intent.

Plaintiff's argument centers on the interplay between Sections 1681s–2(c) and (d) of the Act. Section 1681s–2 specifies the responsibilities under the Act of those who furnish information to consumer reporting agencies. Section 1681s–2(c) limits liability:

"Except as provided in section 1681s(c)(1)(B) of this title, sections 1681n and 1681o of this title do not apply to any violation of—

"(1) subsection (a) of this section, including any *regulations issued thereunder*;

"(2) subsection (e) of this section, except that nothing in this paragraph shall lim-

---

14. *Id.* at 268.

15. *Id.* at 269 (quoting 15 U.S.C. § 1681u(m) (alterations in original)).

16. *Id.*

17. *See, e.g., Weiss v. Regal Collections,* 385 F.3d 337, 341–42 (3d Cir.2004) ("Because the statute explicitly provides declaratory and equitable relief only through action by the FTC, we believe the different penalty structure demonstrates Congress's intent to preclude equitable relief in private actions[ ]" under the Fair Debt Collection Practices Act, 15

U.S.C. §§ 1692 *et seq.*); *Goldberg v. Winston & Morrone,* No. 95 Civ. 9282(LAK), 1997 WL 139526, at *3 (S.D.N.Y. Mar. 26, 1997) (no right to private injunctive relief under the Fair Debt Collection Practices Act).

18. 241 F.3d 242 (2d Cir.2001).

19. 47 U.S.C. § 222.

20. 241 F.3d at 255.

21. *Id.*

22. *Id.*

it, expand, or otherwise affect liability under section 1681n or 1681o of this title, as applicable, for violations of subsection (b) of this section; or

"(3) subsection (e) of section 1681m of this title." [23]

Section 1681s–2(d) then provides that

"[t]he provisions of law described in paragraphs (1) through (3) of subsection (c) of this section (other than with respect to the exception described in paragraph (2) of subsection (c) of this section) shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials identified in section 1681s of this title."

In other words, subsection (c) provides that there is no private damage remedy for violations of Sections 1681s(a) and (e) and 1681m(e), and subsection (d) then provides that only federal and state agencies may seek redress for violations of subsections (a) and (e). Plaintiff contends that if, as the *Washington* panel concluded, private parties are limited to the damage remedies under Sections 1681n and 1681o, then Section 1681s–2(d) would be superfluous because Section 1681s–2(c) already prevents private plaintiffs from enforcing the subsections listed therein.

Although plaintiff's argument is clever, it ultimately is unpersuasive.[24] To begin

with, the Court cannot say that a conclusion that private plaintiffs generally may not seek injunctive relief under the FCRA would render Section 1681s–2(d) superfluous. Section 1681s–2(c) simply limits the availability of the private damage remedy. Section 1681s–2(d) then indicates that only the federal and state agencies and officials listed in Section 1681s may enforce Section 1681s–2(a) and then only in the manner prescribed in Section 1681s. That section, in turn, provides that

"a court may not impose any civil penalty on a person for violation of section 1681s–2(a)(1) of this title unless the person has been enjoined from committing the violation, or ordered not to commit the violation, in an action or proceeding brought by or on behalf of the [FTC], and has violated the injunction or order . . . ." [25]

Read as a whole, these provisions make clear that Congress enacted a specific regime for enforcing Section 1681s–2(a) and that, although there may be overlap among the various subsections, Section 1681s–2(d) is intended to prevent any end-run around the enforcement mechanism provided in Section 1681s. In sum, Sections 1681s and 1681s–2 support the inference that Congress intended to limit injunctive relief to state and federal agencies except where otherwise expressly authorized.

---

**23.** 15 U.S.C. § 1681s–2(c).

**24.** Plaintiff argues also that the *Washington* panel misinterpreted Section 1681u(m), which provides for private injunctive relief for violations of that section. He contends that because subsection (*l*) limits remedies for violations of that section to those provided in that subchapter, subsection (m) should be read as allowing the same type of injunctive relief that would be available if Sections 1681n and 1681o provided such relief. The more natural reading of these subsections, however, is that subsection (m) specifically authorizes private injunctive relief at least

partly because Section 1681s, which would permit state and federal agencies to seek injunctive relief, is not otherwise applicable.

**25.** 15 U.S.C. § 1681s(a)(3); *see also id.* § 1681s(c)(5)(A) ("A state may not bring an action against a person under paragraph 1(B) for a violation of section 1681s–2(a)(1) of this title unless-(i) the person has been enjoined from committing the violation, in an action brought by the State under paragraph 1(A); and (ii) the person has violated the injunction.").

The Court thus agrees with the *Washington* panel that the absence of any express provision for injunctive relief in Sections 1681n and 1681o, coupled with the express authorization of such relief on behalf of federal and state agencies, leads to the unmistakable conclusion that Congress intended to limit injunctive relief to those instances in which it expressly authorized it. So much of count one as seeks declaratory and injunctive relief under 15 U.S.C. § 1681e(b) therefore must be dismissed.

To be sure, this result perhaps is not what was desired by those who sought broad credit reporting legislation. But courts must respect the fact that the enactment of legislation often is the product of untidy compromises between competing views and not, under the guise of interpretation, reach results that neither side could win in the halls of Congress.[26]

### B. The New York Fair Credit Reporting Act

The NYFCRA contains two specific provisions for damages. Section 380–*l*

provides civil liability for willful noncompliance "in an amount equal to the sum of" any actual damages, punitive damages and, in certain cases, court costs and attorney's fees.[27] Section 380–m then provides civil liability for noncompliance "in an amount equal to the sum of" any actual damages and, in appropriate cases, court costs and attorney's fees.[28] These provisions make no specific mention of injunctive relief.

Defendant moves to dismiss so much of count two as seeks injunctive relief under the NYFCRA, asserting that it parallels the federal FCRA and therefore should be read also to preclude such relief. It argues further that because the New York Attorney General is empowered by the Executive Law to seek an order enjoining "repeated fraudulent or illegal acts or . . . persistent fraud or illegality in the carrying on, conducting or transaction of business,"[29] the New York Legislature has expressed its intention to limit such authority only to the Attorney General.

This argument proves too much. The fact that the Executive Law generally em-

---

**26.** Keen awareness of the legislative process doubtless accounted for the remark, famously attributed to Bismarck, that, "[i]f you like law and sausages you should never watch either being made." RESPECTFULLY QUOTED 190 (ed. Suzy Platt, 1989).

**27.** N.Y. GEN. BUS. L. 380–*l* reads as follows:

"Any person, firm, partnership, corporation or association whose knowing and willful violation of section three hundred eight-s of this article resulted in the transmission or provision to a consumer reporting agency of information that would otherwise not have been transmitted or provided, an any consumer reporting agency or user of information who or which willfully and knowingly fails to comply with any requirement imposed under this article with respect to any consumer is liable to that consumer in an amount equal to the sum of:

"(a) Any actual damages sustained by the consumer as a result of such failure or as a

result of a violation of section three hundred eighty-s of this article;

"(b) Such amount of punitive damages as the court may allow;

"(c) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court."

**28.** *Id.* § 380–m. Specifically, it provides:

"Any consumer reporting agency or user of information who or which is negligent in failing to comply with any requirement imposed under this article with respect to any consumer is liable to that consumer in an amount equal to the sum of:

"(a) Any actual damages sustained by the consumer as a result of the failure;

"(b) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court."

**29.** N.Y. EXEC. LAW § 63(12) (McKinney 2001).

powers the Attorney General to act on behalf of the people of New York in certain circumstances cannot reasonably be read to divest all others from acting in their own behalf.

Notwithstanding the Attorney General's power to seek injunctions against persistent fraudsters, the NYFCRA does not provide for any specific enforcement by state authorities and nowhere mentions injunctive relief. In contrast to the FCRA, the NYFCRA lacks the type of highly detailed enforcement scheme that expressly provides for state authorities to seek injunctive relief. Any inference that arises from the affirmative grant of power to seek injunctive relief in the federal statute therefore does not arise here. Thus, while the NYFCRA expressly authorizes monetary damages, the absence of any mention of injunctive relief or an affirmative grant of power to seek injunctive relief does not necessarily and inescapably lead to the conclusion that the Legislature meant to preclude such relief for private plaintiffs.

*Conclusion*

For the foregoing reasons, FAR's motion for judgment on the pleadings is granted to the extent that plaintiff's claim for declaratory and injunctive relief under the FCRA is dismissed. It is denied in all other respects.

SO ORDERED.