100 John Mazal SPE Owner LLC v Sage (2025 NY Slip Op 50310(U))

[*1]

100 John Mazal SPE Owner LLC v Sage

2025 NY Slip Op 50310(U)

Decided on March 11, 2025

Civil Court Of The City Of New York, New York County

Stoller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 11, 2025
Civil Court of the City of New York, New York County

100 John Mazal SPE Owner LLC, Petitioner,

against
Linnea Sage, et al., Respondents.

Index No. 317283/2024

For Petitioner: Joshua Zukofsky
For Respondent: Linnea Sage, pro se

Jack Stoller, J.

Recitation, as required by CPLR §2219(a), of the papers considered in the review of this motion:
Pages numbered
Order To Show Cause and Supplemental Affidavit Annexed 1, 2
Affirmation and Affidavit In Opposition 3, 4
Reply Affirmation 5
Upon the foregoing papers, the Decision and Order on this motion are as follows:
100 John Mazal SPE Owner LLC, the petitioner in this proceeding ("Petitioner"), commenced this summary proceeding against Linnea Sage ("Respondent"), a respondent in this proceeding, and "John Doe" ("Co-Respondent"), another respondent in this proceeding (collectively, "Respondents"), seeking a money judgment and possession of 100 John Street, Apr. 3203, New York, New York ("the subject premises") on an allegation of nonpayment of rent. Respondent interposed an answer with defenses and counterclaims in breach of the warranty of habitability and harassment. The Court transferred this proceeding to the trial part and the trial part calendared a trial for June 12, 2025. In the interim, Respondent now moves to provisionally enjoin Petitioner from reporting unpaid rent to credit reporting agencies pending the outcome of the trial.[FN1]

In opposition to the motion, Petitioner's registered managing agent averred that around December 27, 2024, Petitioner notified all tenants in the building that Petitioner intended to submit all past-due debts to a credit reporting agency. Petitioner's registered managing agent further avers that Respondent has complained about heat and hot water and that Petitioner addressed the complaints.
Petitioner argues that Respondent does not have a private right of action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681s-2(a), and that Respondent's sole remedy is pursuant to 15 U.S.C. §1681s-2(b). Petitioner is correct that violations of §1681s-2(a) do not give rise to a private right of action. Longman v. Wachovia Bank, N.A., 702 F.3d 148, 151 (2nd Cir. 2012). However, the lack of an injunctive remedy according to the FCRA does not preclude injunctive relief according to the New York State analog of the FCRA, the New York Fair Credit Reporting Act ("NYFCRA"), codified at GBL §380 et seq. White v. First Am. Registry, Inc., 378 F.Supp.2d 419, 425 (S.D.NY 2005). "In contrast to the FCRA, the NYFCRA lacks the type of highly detailed enforcement scheme that expressly provides for state authorities to seek injunctive relief. Any inference that arises from the affirmative grant of power to seek injunctive relief in the federal statute therefore does not arise here. Thus, while the NYFCRA expressly authorizes monetary damages, the absence of any mention of injunctive relief or an affirmative grant of power to seek injunctive relief does not necessarily and inescapably lead to the conclusion that the Legislature meant to preclude such relief for private plaintiffs." Id. The FCRA does not pre-empt state law as such that would permit an injunction against a credit-reporting agency. Fishback v. HSBC Retail Servs., 2013 US Dist. LEXIS 90274, at *53 (D. Ct. N.M. 2013, No. CIV 12-0533 JB).
Petitioner argues that the Court lacks the subject matter jurisdiction to award injunctive relief.[FN2]
The Civil Court indeed does not have the subject matter jurisdiction to enter into injunctions. Broome Realty Assocs. v. Sek Wing Eng, 182 Misc 2d 917, 918 (App. Term 1st Dept. 1999), Topaz Realty Corp. v. Morales, 9 Misc 3d 27, 28 (App. Term 2nd Dept. 2005). An important exception to this proposition is that this Court "may . . . employ any remedy . . . procedure or sanction authorized by law for the enforcement of housing standards, if it believes they will be more effective to accomplish compliance or to protect and promote the public interest . . . ." New York City Civil Court Act §110(c).
Public policy in New York requires the maintenance of housing standards, MDL §2, placing the responsibility for maintenance of housing standards on owners. MDL §78(1). A warranty of habitability defense implicates a "clear public policy interest." Windy Acres Farm, Inc. v. Penepent, 40 Misc 3d 63, 64-65 (App. Term 2nd Dept. 2013). In advancement of this policy, a tenant may withhold rent to enforce a cause of action for breach of the warranty of habitability. Semans Family Ltd. Pshp. v. Kennedy, 177 Misc 2d 345, 348 (Civ. Ct. NY Co. 1998), citing 520 E. 86th St., Inc. v. Leventritt, 127 Misc 2d 566, 570 (Civ. Ct. NY Co. 1985)(Saxe, J.). See Ansonia Assocs. v. Ansonia Residents' Assoc., 78 AD2d 211, 220 (1st [*2]Dept. 1980)(referring, in dicta, to a "right" to withhold rent), Whitby Operating Corp. v. Schleissner, 117 Misc 2d 794, 800 (S. Ct. NY Co. 1982). Cf. Eastside Exhibition Corp. v. 210 E. 86th St. Corp., 18 NY3d 617, 622 (2012)(withholding of the entire amount of rent is the proper remedy when there has been a partial eviction). Policy considerations favoring withholding of rent in such circumstances preclude the New York City Housing Authority from administratively penalizing a tenant for withholding rent. Chama Holding Corp. v. Taylor, 37 Misc 3d 70, 71 (App. Term 1st Dept. 2012), 31-67 Astoria Corp. v. Cabezas, 55 Misc 3d 132(A)(App. Term 2nd Dept. 2017), Law v. Franco, 180 Misc 2d 737 (S. Ct. Bronx Co. 1999). Such policy similarly renders void an enforcement of a conditional limitation providing for the forfeiture of a tenancy upon nonpayment of rent is void. Windy Acres Farm, Inc., supra, 40 Misc 3d at 64-65, Reinozo v. Eskander, 2017 N.Y.L.J. LEXIS 2151, *4 (Civ. Ct. Queens Co.). See Also 1461 Amsterdam Ave. LLC v. Carrasquillo, 2015 NY Slip Op. 30831(U), ¶ 3 (Civ. Ct. NY Co.), Barr v. Huggins, 41 Misc 3d 605, 613 (Civ. Ct. Bronx Co. 2013). These policy considerations also preclude a stipulation from barring a tenant from withholding future rent, Ruppert House Co. v. Altmann, 127 Misc 2d 115, 117 (Civ. Ct. NY Co. 1985)(Saxe, J.), and subject such a stipulation to vacatur. Eastside NYC Corp. v. Olmedo, 28 Misc 3d 140(A)(App. Term 1st Dept. 2010).
Reporting a tenant who withholds rent to a credit reporting agency has an obvious deterrent effect on a tenant's ability to exercise that remedy. Accordingly, in a similar circumstance, the nisi prius Court should have enjoined a cooperative from informing credit reporting agencies about rent strike participants. DeCastro v. Bhokari, 201 AD2d 382, 382-383 (1st Dept 1994).
Petitioner has not identified to the Court any prejudice that it would suffer as a result of the injunction Respondents seek.
To be clear, the merits of Respondents' withholding of rent await the trial of this matter, which the Court has calendared three months from the date of this writing and this decision only covers Petitioner's conduct through a judgment that the Court shall render after trial.
Accordingly, it is ordered that the Court grants the motion to the extent of enjoining Petitioner from reporting Respondents' unpaid rent to credit reporting agencies through a disposition of this matter after trial. On default, Respondents may move to hold Petitioner in contempt of Court by going to Room 225 of the Courthouse located at 111 Centre Street, New York, New York and moving for such relief.
This constitutes the decision and order of this Court.
Dated: March 11, 2025
New York, New York
HON. JACK STOLLER
J.H.C.

Footnotes

Footnote 1:Respondent's affidavit in support of the motion states that the Court "requested an order for a stay" as such. This is not exactly what happened. On the day that the Court held a pre-trial conference of this proceeding, Respondent, who is unrepresented by counsel, verbally asked the Court to stay Petitioner from reporting her to a credit-reporting agency. The Court informed Respondent that she would have to make a motion, which she did.

Footnote 2:Petitioner's opposition also make this argument with regard to declaratory relief. However, Respondent is not seeking declaratory relief.