71st St.-Lexington Corp. v Frankel
2026 NY Slip Op 03358
May 28, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

71st Street-Lexington Corporation, Plaintiff-Respondent,
v
Eric Frankel, etc., Defendant-Appellant.

Decided and Entered: May 28, 2026
Index No. 653548/23|Appeal No. 6740-6741|Case No. 2025-01840, 2025-03944|
Before: Webber, J.P., Gesmer, Rodriguez, Pitt-Burke, O'neill Levy, JJ.

Foster Garvey P.C., New York (Maurice W. Heller of counsel), for appellant.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Matthew A. Ulmann of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about March 7, 2025, which granted plaintiff's motion for summary judgment on its claims for a declaratory judgment and attorneys' fees, unanimously affirmed, with costs. Order, same court and Justice, entered on or about June 2, 2025, which denied defendant's motion to set an undertaking and granted plaintiff's cross-motion for supplemental attorneys' fees, unanimously affirmed, with costs.
The motion court properly granted plaintiff cooperative's motion for summary judgment on its claims for a declaration that the proprietary lease was properly terminated, entitling plaintiff to sell the shares to the subject apartment, and for attorneys' fees. The notice of default adequately apprised defendant of the basis for his default in failing to maintain the requisite homeowner's insurance under the proprietary lease and house rules and the method for curing the default (see e.g. Rascoff/Zsyblat Org. v Directors Guild of Am., 297 AD2d 241, 242 [1st Dept 2002], lv dismissed in part, denied in part 99 NY2d 573 [2003]; see also McGoldrick v DeCruz, 195 Misc 2d 414, 415 [App Term, 1st Dept 2003]).
Although defendant contends otherwise, the failure to maintain homeowner's insurance is a material breach of the proprietary lease, and the failure to cure the default entitled plaintiff to terminate the proprietary lease under article III, paragraph first, subsection (e) (see e.g. Rui Qin Chen Juan v 213 W. 28 LLC, 149 AD3d 539, 540 [1st Dept 2017]). Additionally, as the court correctly observed, defendant did not submit evidence of his attempt to cure the lapse in insurance coverage for the apartment at any point after receipt of the notice, nor evidence to support his contention that he was unable to obtain the requisite insurance.
The motion court properly rejected defendant's contention that the conditional limitation under article III, paragraph first, subsection (e) was insufficient to terminate the proprietary lease (see Gouveneur Gardens Hous. Corp. v Yam Lee, 2 Misc 3d 525, 529 [Civ Ct, NY County 2003]). Although defendant maintains that conditional limitations are not enforceable in residential leases, that proscription applies only to the residential nonpayment context, where the commencement of a holdover proceeding based on chronic nonpayment could unfairly limit a tenant's remedies and defenses (see e.g. 520 E. 86th St., Inc. v Leventritt, 127 Misc 2d 566, 570 [Civ Ct, NY County 1985]). Those facts are not present here. Rather, defendant was ejected from the apartment in an earlier action between the parties by order entered July 18, 2014, rendering a notice to quit or holdover proceeding irrelevant under the particular facts here.
[*2]
The court also properly rejected defendant's assertion that plaintiff was required to proceed under article 9 of the UCC. This action is not governed by UCC article 9 because it is not a foreclosure against a security interest (see Fundex Capital Corp. v Reichard, 172 AD2d 420, 421 [1st Dept 1991], lv dismissed 78 NY2d 1007 [1991]). Rather, plaintiff's claims are for declaratory relief and attorneys' fees to enforce its right under the proprietary lease to sell the shares appurtenant to the apartment based on the termination of proprietary lease.
The motion court properly dismissed defendant's affirmative defenses as conclusory and not factually supported and found that those defenses specifically addressed by defendant lacked merit (see e.g. Commissioners of the State Ins. Fund v Ramos, 63 AD3d 453, 453 [1st Dept 2009]). With respect to laches, defendant failed to present evidence of prejudice arising from plaintiff's purported delay (see Matter of Linker, 23 AD3d 186, 189 [1st Dept 2005]). Defendant also asserted the defense of impossibility based on plaintiff's alleged refusal to provide him access to the apartment for the purpose of obtaining insurance. However, defendant did not submit evidence to support his contention that he was unable to obtain the requisite insurance or that it was "objectively impossible," to do so because the record reflects that he was given access on several occasions (Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902 [1987]). Defendant's insurance broker's email stating "it is extremely difficult, if not impossible, to secure coverage" for a vacant apartment where property damage exists does not establish that it was impossible for defendant to obtain coverage.
[*3]
We agree with the motion court that defendant's retaliatory eviction defense under Real Property Law § 223-b will not lie in this action, albeit for a different reason than the one proffered by the court. It is undisputed that plaintiff served the notice of default on the heels of defendant's motion to hold plaintiff in contempt of the parties' stipulation in an earlier action, thus falling within the one-year period in which the rebuttable presumption of retaliatory intent attaches (Real Property Law § 223-b[5]). Nevertheless, given that Real Property Law § 223-b prohibits the retaliatory service of a notice to quit or the commencement of summary removal proceedings, the statute is not applicable to the facts here because defendant's right to occupy the apartment was terminated by the July 18, 2014 order of ejectment, and nothing in the statute serves to revive rights that were already terminated. Additionally, even if the presumption applied, the documentary evidence establishes that, by defendant's own admission, defendant had failed to obtain homeowner's insurance, which was a material default under the proprietary lease, which rebutted the presumption of retaliatory intent rebutted by a preponderance of the evidence (see e.g. Fiondella v 345 W. 70th Tenants Corp., 217 AD3d 495, 495-496 [1st Dept 2023]).
Because plaintiff prevailed in achieving the central relief sought, the motion court properly awarded plaintiff its attorneys' fees (see 49 E. Owners Corp. v 825 Broadway Realty, LLC, 224 AD3d 493, 493 [1st Dept 2024]).
The motion court properly denied defendant's motion to set an undertaking for the purposes of invoking the automatic stay under CPLR 5519(a)(6). Contrary to defendant's contention, the automatic stay under CPLR 5519(a)(6) does not apply to the court's order granting plaintiff summary judgment, as the order does not direct the turnover of the apartment's shares, nor does it direct their sale. It merely declares that plaintiff is entitled to do so under the proprietary lease (see Tax Equity Now NY LLC v City of New York, 173 AD3d 464, 465 [1st Dept 2019]). Additionally, defendant was not "in possession or control of real property" in order for CPLR 5519(a)(6) to apply when the summary judgment order was entered since he had already been ejected from the apartment.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 28, 2026